TIMOTHY W. NOURSE *vs.* BENJAMIN NOURSE.

Worcester. September 30. — October 2, 1874. COLT & MORTON, JJ., absent.

A. for the purpose of defrauding his creditors made a mortgage of land to his father and brother, and caused the deed to be recorded. Afterwards he had a certificate of peaceable entry and possession by the mortgagees, for breach of the condition of the mortgage, written upon it. The mortgage was never delivered to the mortgagees. The father afterwards died. *Held,* on a petition for partition brought by the brother against A., that the respondent was not estopped either by the deed or

*in pais. Held, also,* that it was not competent for the respondent to put in evidence his own declarations made to a third party, in regard to the purpose with which he had, two months before, made and recorded the mortgage, and in regard to its delivery or non-delivery.

PETITION, filed May 28, 1874, for partition of three tracts of land. Trial in the Superior Court, before *Allen*, J., who, after a verdict that the petitioner held two of the tracts in common with the respondent, but not the last tract described in the petition situated in Oakham, allowed a bill of exceptions in substance as follows:

The petitioner introduced the following evidence. On June 2, 1864, the respondent made a mortgage of the tract of land last mentioned and described in the petition to his father, Timothy Nourse, and his brother, the petitioner, to secure the payment of a note of the same date for two thousand dollars on demand with interest. The mortgage was duly recorded in the registry of deeds, June 6, 1864. On August 6, 1864, the respondent indorsed on the mortgage a certificate, signed by him, of peaceable entry and possession of the premises for breach of condition of the mortgage and for the purpose of foreclosing the same, which was duly recorded on August 9, 1864. Timothy Nourse, the father, died intestate in 1868, and the petitioner died intestate in March, 1872, and this suit is being prosecuted by his heirs. The petitioner claimed to hold the land above mentioned by foreclosure of said mortgage.

The respondent contended that the mortgage was made without consideration and to keep his property from attachment, and that it never was delivered to the mortgagees or either of them; and against the petitioner's objection was permitted to introduce the following evidence, the petitioner contending that the respondent was estopped to deny the delivery of the mortgage: The respondent testified that he was threatened with an attachment of his property, and that he made and executed the mortgage for the purpose of covering his property from attachment; that when the mortgage was made neither of the mortgagees was present or knew anything of it, or had ever had any conversation in regard to it, or had ever paid anything for it; that he sent the mortgage himself to have it recorded, with instructions to have it returned to himself, and that in a day or two after, and while

the mortgage was at the registry for record, he took the note to his father, and told his father that he had put the property into his and his brother Timothy's hands by mortgage, and had sent the mortgage to Worcester to be recorded ; that his father at first said he would have nothing to do with it; that he told his father that unless he assented to it, he, Benjamin, would be in danger of losing his property ; that his father finally said he would take the note, and did take it ; that subsequently the respondent sent and got the mortgage from the registry of deeds, and had the certificate of possession written upon it, which he signed and acknowledged, and had that also recorded ; that subsequently he obtained the mortgage from the registry, and had kept it in his possession ever since, and that he never delivered it to either of the mortgagees ; that he did not at the time he made the mortgage intend to deliver it to the mortgagees ; that he made the certificate of possession for the purpose of preventing his creditors from attaching the crops, and that he had been in possession of the property ever since.

Mark Haskell was also called as a witness by the respondent, and testified against the petitioner's objection, that he wrote the certificate of possession upon the mortgage, and as a justice of the peace took the acknowledgment of it ; that the respondent requested him to send it to be recorded, and also to send to the registry for it, after it was recorded, and keep it till he called for it ; that at the same time the respondent told him that he did not intend to deliver the mortgage to the mortgagees ; that he made it to cover up his property from attachment, and that he should not deliver it unless it should become necessary, in order to keep it from his creditors ; that he was advised to give his father possession under the mortgage so that he could hold the crops ; that they had sued him but could not find anything to attach. All of this conversation was in the absence of the mortgagees.

The evidence was conflicting as to the consideration for which the mortgage was given, the respondent testifying that it was entirely without consideration, and several witnesses for the petitioner testifying to admissions of the respondent that it was given for money which he had had from his father. The mortgage was produced at the trial by the respondent upon notice. It appeared that the respondent was the administrator of his

father's estate, and it was contended by the petitioner that he obtained said mortgage from his father's papers.

The question submitted to the jury was whether there was a delivery of the deed. The petitioner alleged exceptions to the admission of the above testimony.

*G. F. Verry*, for the petitioner.

*F. M. Sprague*, for the respondent.

WELLS, J. The position of the petitioner, that the respondent was estopped from denying the delivery of the mortgage, cannot be maintained. There could be no estoppel by deed, unless the deed had been delivered. The very question at issue was whether the instrument had been delivered so as to take effect as a deed.

There was no estoppel *in pais*. It was not shown that what was done and said by the respondent was with any intent that his father or brother should take any action in reliance upon it; or that they did act upon it. The essential elements of an estoppel are wanting.

The petitioner was not restricted in his right to use the facts of the making and recording of the mortgage and certificate of possession, as evidence tending to prove the existence of a valid mortgage in the hands of the persons named as mortgagees. The facts in regard to the manner in which the mortgage and the certificate of possession for foreclosure were prepared and placed upon record, and the consideration or want of consideration and purpose of those transactions were competent upon the question of delivery. But it was not competent for the respondent to put in his own declarations, made to the witness Haskell, in regard to the purpose with which he had, two months before that time, made and recorded the mortgage, and in regard to its delivery or non-delivery. On this last ground, the

*Exceptions are sustained.*