AULT, Appellant, v. BRADLEY, Administrator, et al.

**Division Two, December 12, 1905.**

1. **JUDGMENT: Change Without Notice.** Any alteration or change in a judgment by the court without notice to the party affected thereby, is not binding on such party, although the court making the alteration may have jurisdiction of the subject-matter and may do so at the same term.

2. ———: ———: **Administration: Change in Agreed Entry.** Plaintiff presented in the probate court his claim against the estate of decedent, which was allowed, and plaintiff's attorney prepared the judgment to be entered, and submitted it to the administrator's attorney who approved it, and in the presence of the probate judge, the plaintiff and the administrator and their respective attorneys agreed that the order should be entered as prepared, and thereupon plaintiff and his attorney departed, and afterwards, without notice to them, the administrator's attorney, at his procurement, interlined in the prepared form a provision that the allowance was not to be paid out of the assets of decedent's individual estate until "all debts of the said deceased which are not also allowed against" the partnership estate of which decedent was a member "be first paid." *Held*, that this alteration is not binding on plaintiff, was without justification in law, and cannot be too strongly condemned.

3. ———: ———: ———: ———: **No Injury.** But where plaintiff was not injured by such alterations in the judgment, the court will not do the idle thing of decreeing such alterations void.

4. ———: ———: **Partnership Assets: Priorities.** Notwithstanding notes given to plaintiff by decedent and his partners were signed by them individually and were several and joint liabilities against them, yet if the money went into the partnership,

the partnership assets should be applied to their payment before the plaintiff should be permitted to have them paid out of the assets of the individual estate of one of the deceased partners. And plaintiff by having them allowed against the partnership estate, thereby admits that they were partnership debts.

5. ———: ———: ———: **Material Alteration in Judgment.** An unauthorized interlineation in the judgment allowing the notes as a demand against the individual estate which "provided that all debts of the said deceased which are not also allowed against said partnership be first paid," did not injure plaintiff, because creditors of a decedent have the exclusive right to have their debts first satisfied out of the individual property of the individual partners, and partnership creditors have an exclusive claim upon the partnership assets, and hence plaintiff's legal rights remained the same after such interlineation as they were before.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

AFFIRMED.

*McGill & Lindsey, Lamson & Christenden* and *W. D. Tatlow* for appellant.

(1) After a final judgment in the case the parties are out of court, and the necessity for their appearance is presumed to be at an end, and if the opposite party would take any further steps he must give his adversary notice and an opportunity to be present and to be heard. Caldwell v. Coleridge, 9 Mo. 358; Parker v. Johnson, 22 Mo. App. 516; Railroad v. County, 55 Mo. 162. The same view is taken by other courts. Wright v. LaClare, 3 Iowa 221; Delaplane v. Hitchcock, 6 Hill 14; Chester v. Miller, 13 Cal. 558; Perkins v. Hayward, 132 Ind. 95; Murphy v. Farr, 11 N. J. L. 186; Freeman on Judgments, sec. 142. (2) It has been expressly held by this court that where the final settlement is approved by reason of the fraudulent and collusive arrangement between the probate judge and the administrator, it will be set aside at the instance of the heirs, even though such fraud was discovered in time to ap-

peal therefrom and the heirs did appeal therefrom and afterwards voluntarily dismissed their appeal. Baldwin v. Davidson, 139 Mo. 118; Baldwin v. Dalton, 168 Mo. 20. (3) Even in an action of law, where a claim has been allowed against an estate, not as an unconditional allowance but as an allowance of a judgment of offset, which was afterwards fraudulently changed so as to show an unconditional allowance for the amount of the claim, such fact may be shown by parol in an action involving such allowance. Sweet v. Maupin, 65 Mo. 65.

*George Hubbert* with *White, Clay & Sheppard* for respondent.

(1) The appellant can no more rid himself of the consequences of his judgment of the probate court, that his claim was the debt of the partnership estate of Walters & Huddleston, than he could evade the estoppel by judgment of any other court of record. The existence of the partnership cannot be questioned. That is conceded on all hands. That the demand, allowed and classified against the partnership estate, was identically the same claim that was allowed against the Walters estate, is beyond dispute. The judgment of the probate court thereon is as absolute estoppel as any judgment of any court of record can be. Smith v. Hauger, 150 Mo. 444; Covington v. Chamblin, 156 Mo. 587. The fact that the partnership debt was several as well as joint, could not affect the question as to its being primarily the debt of the firm; it must be treated and dealt with as such, for all purposes of this case. Burns v. Mason, 11 Mo. 478; Level v. Farris, 24 Mo. App. 441. Even if the judgment against the partnership estate were wrong, it cannot be set aside, nor its force incidentally ignored, in this collateral case. Bedford v. Sykes, 168 Mo. 8; Johnson v. Stebbins, 167 Mo. 325. And the principle is directly applicable to partnership estates in course of administration in probate

courts. In re Judy.'s Est., 166 Mo. 13. (2) One of the inevitable consequences of that judgment was, the exclusion of the creditor of the partnership estate of Walters & Huddleston, whose demand had been reduced to judgment against such estate, from participating in the distribution of the individual assets of the single deceased partner, Walters, until all the exclusively individual demands allowed have been satisfied. Hundley v. Farris, 103 Mo. 78; Hargadine v. Sappington, 105 Mo. App. 655. The true relations between parties to promissory notes may be shown, even by parol testimony. 2 Jones Evi. (1 Ed.), sec 507; Abb. Tr. Ev. (2 Ed.), sec. 27; Browne, Par. Ev., sec. 83; George on Partnership, sec. 36; Bish. Cont., sec. 1149; Tilford v. Ramsey, 37 Mo. 565; Bank v. Bayless, 41 Mo. 287; Kahn v. Overtstolz, 82 Mo. App. 235; Bracken v. March, 4 Mo. 74; Braches v. Anderson, 14 Mo. 441. (3) The extension and perfection, of the record entry, of the judgment of the probate court, against the Walters estate, was well within the law and the powers of that court; it was neither fraudulent nor injurious to appellant. In the ordinary course of procedure, the plaintiff must have known that the full record entry of the judgment would be read the following day after the judgment was rendered; and it follows that all parties are chargeable with full notice thereof, in the absence of any fraud or device to keep them from atten⌐ance and knowledge. R. S. 1899, secs. 1586, 1594; Maupin v. Franklin Co., 67 Mo. 329. But the probate court had full power over its judgment during the entire term; and it would have been competent for it to modify its terms, even after the full entry had been spread upon the record. Aull v. St. Louis Co., 149 Mo. 1; Rotman v. Schumacker, 94 Mo. 139. The written draft for record entry cannot be held to have been the judgment of the court, until it was spread upon the record or minutes; and that was not done until the additions complained of were made; so there was no judgment of the

court except as entered in writing on the official court book; if the draft had been written by the judge himself as an opinion that the form was proper, it was not a judgment until entered. Hewett v. Steele, 118 Mo. 473; Taylor v. Scherpe, 47 Mo. App. 257. Yet we need not rely upon the change for the effect we claim for the judgment of the probate court, even according to the entry as originally drawn, for it implied all that the change could accomplish; for judgments, like other contracts, bear upon their face, by implication, the law of their being and may not be separated therefrom. State v. Gilmore, 141 Mo. 512; Medlin v. Platte Co., 8 Mo. 235; Railroad v. Holschlag, 144 Mo. 257; Mobley v. Nave, 67 Mo. 549; Milan v. Pemberton, 12 Mo. 598; Reed v. Nicholson, 158 Mo. 631. A judgment of court being a contract of record, must include, as well as be construed by, the law thereof; every contract includes, as one of its essential elements, the law controlling at the date of its making; by which its terms are enlarged, qualified or limited, through construction. Bishop, Cont., secs. 437, 439; McElory v. Ford, 81 Mo. App. 500; 4 Blackstone, Com., *465; St. Louis T. F. Co. v. Jackson, 128 Mo. 1.

GANTT, J.—This is an appeal from the judgment of the circuit court of Greene county on a motion for judgment upon the pleadings in the above-entitled cause. The action was commenced on the 29th of June, 1901, in the circuit court of McDonald county, Missouri, and the venue changed to Greene county. As the judgment was rendered upon the pleadings, it becomes essential that they should be reproduced in full. The petition, omitting caption, is as follows:

"Now comes the plaintiff in the above-entitled cause, and for his cause of action states that on the 23rd day of December, A. D. 1899, W. T. Walters, now deceased, together with A. C. Walters and G. H. Huddleston, executed their three several promissory notes

to the order of the Southwest City Bank, copies of which said notes are fully set out hereinafter; that the said Southwest City Bank is a private bank doing business under the laws of the State of Missouri; that the plaintiff, A. F. Ault, is the sole proprietor thereof; that on the —— day of January, 1900, the said W. T. Walters departed this life intestate; that the defendant, Frank Bradley, is the ·duly appointed, qualified and acting administrator of the estate of said W. T. Walters, deceased, and the plaintiff, A. F. Ault, on the 18th day of February, A. D. 1901, during the regular February term, A. D. 1901, of the probate court of McDonald county, Missouri, filed and duly presented to said court his claim against the above-mentioned estate of W. T. Walters, deceased, which claim was founded upon the three certain promissory notes above mentioned, and which notes amounted in the aggregate, including principal and interest, to the sum of $5,142.39; that prior to the time said claim was filed and presented, to-wit, on the 19th day of December, A. D. 1900, said Frank Bradley, as administrator of said estate, waived service of notice in writing indorsed upon the back of said claim; that on the said 18th day ·of February, A. D. 1901, at the hearing in said probate court, upon said demand, the plaintiff herein appeared in person and by attorney, and the said Frank Bradley, as administrator aforesaid, also appeared in person and by attorney, and the said probate court rendered judgment in favor of the plaintiff herein against Frank Bradley, as the administrator of the estate of W. T. Walters, deceased, on said claim, for the aforesaid sum of five thousand one hundred and forty-two dollars and thirty-nine cents, and the judge of said court thereupon entered in his minute book the following entry, to-wit: 'Est. of W. T. Walters, deceased, demand allowed, $5,142.39,' and thereupon the judge of said probate court entered upon the back of said claim the following certificate of allowance, to-wit: 'I hereby cer-

tify that the sum of five thousand one hundred and
forty-two dollars and thirty-nine cents, was allowed on
the attached demand of the fifth class of demands and
costs, on the eighteenth day of February, A. D. 1901.
J. P. Caldwell, Judge of Probate.' And the said judge
also entered in the abstract of demands the following
entry: 'Allowed, February 18th, 1901, A. F. Ault,
notes, class 5, $5,142.39.'

"That said entry is on page 83 of the abstract of
demands, in said probate court, and in the list of de-
mands allowed against the said estate of W. T. Wal-
ters, deceased; that on the same day on which said
claim was allowed, and immediately after the allowance
of the same, the attorney for plaintiff, A. F. Ault, at
the request of the probate judge, prepared an entry for
the permanent record, allowing said claim and submit-
ted the same to the counsel for the administrator,
Frank Bradley, and the said attorney for the adminis-
trator expressed himself as satisfied with the same,
and went in company with the attorney for the plaintiff
herein, and the said entry was submitted by both of
said attorneys to the probate judge, both of said attor-
neys then and there declaring in the presence of the
court that the judgment entered from said copy would
be satisfactory to their respective clients, and the court
then and there approved the same as its judgment, and
announced its approval to the said attorneys at the
time; that on some day thereafter, and prior to the
time the judgment entry was spread upon the perman-
ent records of said court, and in the absence of the
plaintiff herein or his attorney, and without notice to
either of them, some person, that is to say, the attor-
ney for the defendant Bradley, and the attorneys for
the defendants McKinney and Jones, took said entry
for the record from the office of the judge of the pro-
bate court and fraudulently and with design to hinder,
defraud and delay the plaintiff herein, and to deprive
him of any benefit from said estate, on account of the

allowance of said claim, so altered said record entry by interlineations and modifications as to change the entire meaning, effect and purport of said entry; that said persons then delivered said copy for entry, together with the interlineations and modifications, to the judge of the probate court, representing to the said judge that the interlineations and modifications were not such as to change the substance of the entry agreed upon for the judgment of allowance, and thereby induced said judge to enter the same upon the record of the probate court, with such alterations and modifications; that said copy as altered and modified is copied below, as entered upon the permanent record by said judge, with the alterations and additions indicated by underscoring in red ink.

"Said entry is found in the records of the probate court, in Book 'E' at pages 242, 243 and 244, which said entry is in words and figures as follows, to-wit:

" 'February 18, 1901. Estate of W. T. Walters, deceased.

" 'A. F. Ault, Plaintiff, v. Frank Bradley, Administrator of said estate, Defendant.—Demand allowed.

" ' Now comes the claimant, A. F. Ault, and presents to the court in open court, for allowance against said estate, a demand for the sum of $5,142. 39, founded on three notes, of which the following are copies:

" '7188. $2200. Southwest City, Mo., Dec. 23, 1899.

" 'Ninety days after date we or either of us as principal promise to pay to the order of the Southwest City Bank, twenty two hundred and 00.100 dollars, for value received, with interest at the rate of eight per cent per annum after maturity until paid. And we hereby consent that by payment of the interest in advance this note may be extended.

" '1.   W. T. WALTERS,   2. A. C. WALTERS.
3.  G. H. HUDDLESTON.
" 'Due March 23rd, 1900. No. 1822.

" 'No. 7437. $1596.00. Southwest City, Mo., Dec. 23rd, 1899.

" ' 'Ninety days after date we or either of us as principals, promise to pay to the order of the Southwest City Bank fifteen hundred and ninety-six and 00-100 dollars, for value received, with interest at the rate of eight per cent per annum after maturity until paid. And we hereby consent that by payment of the interest in advance this note may be extended.

" '1. W. T. WALTERS,
2. A. C. WALTERS,
3. G. H. HUDDLESTON.
" ' 'Due March 3rd, 1900. No. 7828.


" ' 'No. 7187. $1,000.00. Southwest City, Mo., Dec. 23rd, 1899.

" ' 'Ninety days after date we or either of us as principal, promise to pay to the order of the Southwest City Bank, one thousand and 00-100 dollars, for value received, with interest at the rate of eight per cent per annum, after maturity until paid. And we hereby consent that by the payment of the interest in advance this note may be extended.

" '1. W. T. WALTERS,
2. A. C. WALTERS,
3. G. H. HUDDLESTON.
" ' 'Due March 23rd, 1900. No. 7821.


" ' 'And it appearing to the court that said administrator had on the nineteenth day of December, 1900, waived service of notice for allowance of said claim, and the said A. F. Ault, having made affidavit that to the best of his knowledge and belief he had given credit to the estate for all payments and offsets to which it may be entitled; that the balance claimed is justly due, and the court having heard the evidence, adduced by the claimant in proof of his demand, it is therefore ordered to be allowed against said estate, to the

amount of $5,142.39, and that said claimant, A. F. Ault, have and recover of and from Frank Bradley, administrator of the estate of W. T. Walters, deceased, said amount above mentioned and allowed, *but to be paid only as below mentioned,* and that said claim be and is by the court assigned to the fifth class of demands, and that said administrator pay said claim out of the assets that are in his hands or that shall come into his hands thereafter, *provided that all debts of the said deceased which are not also allowed against said partnership estate be first paid,* and that he shall pay the costs of this proceeding taxed at $2. And it is further ordered by the court that the claimant, A. F. Ault, shall credit this judgment with all sums of money received by him on this claim and judgment against the partnership estate of Walters and Huddleston, that have been allowed by this court against said partnership estate, *which said partnership estate is primarily liable to pay said notes and claim, which is hereby adjudged not liable to be paid out of the assets of this individual estate until the individual debts herein allowed shall first have been satisfied out of said assets.'*

"That the plaintiff herein resides at a distance of twenty miles, and his said attorney resides at a distance of twenty-five miles, from Pineville, the county seat of said county, where said probate court is held; that acting upon the assurances of the judge of the probate court that the plaintiff's demand had been allowed without any restrictions and assigned to the fifth class of demands, and that the said court had approved the copy prepared and agreed upon by said attorneys, as its judgment, and would cause the same to be entered upon the permanent records of the probate court, both the plaintiff and his attorney departed for their homes, without then or at any time thereafter having any notice, from the court or from the administrator, or any other person, that said probate court would thereafter, on any subsequent day, attempt to

hold any further hearing, upon said claim, or to alter, change or modify its judgment; that the knowledge that the probate court had so attempted to alter, change or modify its judgment, came to the plaintiff and his attorney for the first time long after the court had taken action changing, altering and modifying the judgment herein, and long after the expiration of the time in which an appeal could have been taken under the provisions of the statutes; that as soon as the plaintiff and his attorney ascertained what action had been taken by the judge of the probate court, the plaintiff took immediate steps to bring the matter to the attention of the said probate court, and requested the court to expunge from its records the said additions, modifications, alterations and interlineations, and the said probate court refused so to do; that the plaintiff is informed and believes that the action of the probate court in changing, altering and modifying its said judgment was taken without any hearing, and without the introduction of any evidence whatever; but purely at the instance of the said person who made such alterations, as hereinbefore described; that said person, the plaintiff is informed, and believes, was acting in the interest of persons who had also had claims allowed against said estate, for the purpose of preventing a legal apportionment of the assets of said estate among the creditors; and especially for the purpose of preventing this plaintiff from securing any benefit whatever from said estate until all other claims allowed against said estate had been paid in full; that claims other than that of the plaintiff herein had been allowed against said estate, amounting in the aggregate to such a large sum that if they all be paid in full before anything is paid to the plaintiff upon his demand there will be only a very small amount, if anything at all, left in the hands of the administrator to be applied towards the payment of the plaintiff's said demand; that the notes upon which said demand of the plaintiff is based

were the individual notes of W. T. Walters, A. C. Walters and G. H. Huddleston; that the two last named are utterly insolvent.

"Whereupon, the plaintiff prays the court that upon a finding of the facts as above set forth, it be adjudged and decreed that the additions, alterations, modifications and interlineations written into said judgment entry are void, that they be annulled and held for naught, that they be stricken out and expunged from the said judgment of the probate court, and for any and all other relief to which the court may find the plaintiff entitled."

At the August term, 1901, W. E. Jones and A. J. McKinney filed a motion in said McDonald court to be made parties to said action and to be permitted to plead to plaintiff's petition, on the ground that they were creditors of the individual estate of W. T. Walters, deceased, which motions were sustained, and thereupon the plaintiff filed his motion to set aside the order allowing Jones and McKinney to become parties defendant, on the ground that said Jones and McKinney were made parties without notice to the plaintiff, and because they were not necessary or proper parties to the determination of his action. At the said August term the defendants Jones and McKinney filed their joint answer to said petition which is in words and figures as follows, omitting caption:

"Defendants Jones and McKinney, for separate answer to plaintiff's petition herein, deny each and every allegation in the same, saving and excepting that the probate court of McDonald county did adjudge, make and enter of record its judgment, order and allowance of the plaintiffs' demand against the estate of W. T. Walters, deceased, in the form and words set out in the plaintiff's petition purporting to copy the same as actually entered and written of date February 18, 1901.

"Defendants further say that their co-defendant,

Frank Bradley, as the duly appointed and qualified administrator of the estate of W. T. Walters, has also given his bond, with sureties approved by the said probate court, and has been and is duly qualified as the administrator of the partnership estate of Walters & Huddleston, a firm composed of the same W. T. Walters (now deceased) and one G. H. Huddleston, and that he has and yet has the partnership aforesaid in his hands, and has been and is administering the same under the jurisdiction and control of the said probate court along with, but as distinguished from, the individual estate of the said deceased Walters, each of which estates consists of lands, tenements, personal property, money, notes and accounts, and both of which estates are being converted into cash assets to pay debts and demands allowed by said court against said estates respectively.

"That the whole assets of each and both of said estates are not sufficient in amount or value to pay off or satisfy said debts and demands, debts and assets thereof being as follows: Debts of the individual estate of the fifth class amount to $ — — — —and the whole assets applicable thereto amount to $— — — —; debts of said partnership estate amount to $— — —, so that both estates are insolvent.

"That these defendants are creditors of the said individual estate of W. T. Walters, deceased, and their claims and demands have been allowed by the said probate court and adjudged to be paid by said administrator out of the assets of said estate in the fifth class of such demands, as follows: W. E. Jones, on note against the deceased of $296.88, and A. J. McKinney on note against deceased of $2,883.38, both bearing interest, and defendants are interested accordingly in the estate, and in this case wherein is involved the application and distribution of the assets and effects of said estate, and in the issues presented affect-

191 Sup—46

ing the number and the amount of demands that may be found entitled to payments, pro rata, out of the assets of said individual estate whereby the amounts lawfully due defendants might be materially diminished.

"That the plaintiff's claim and demand is based upon and was in fact debt or debts of the said partnership and primarily chargeable against and payable out of the assets thereof; and the same was by plaintiff first exhibited to the said administrator as such on the 19th of December, 1900, and the self-same notes described in plaintiff's petition, with the plaintiff's demand, based thereon, were presented by plaintiff to the probate court, against the said partnership estate, and the same was adjudicated and allowed by the said court in plaintiff's favor February 18th, 1901, in the sum of $5,142.39, to be paid out of the assets of said partnership estate, which judgment was duly made and entered on the record of said court at the said time with the allowance of the same demand against the individual estate though written first on said record at plaintiff's instance, copy of which said demand, as allowed against said partnership estate, with plaintiff's affidavit in support of the same, first filed herein with answer of W. E. Jones and A. J. McKinney are adopted to be hereunto annexed as 'Exhibit A.'

"That plaintiff has voluntarily elected to present his said demand as a claim and debt of and against said partnership estate, and he has reduced the same to judgment of allowance against said estate, out of which he has been paid part of said debt, whereby he is estopped from claiming otherwise in this case.

"Defendants pray that plaintiff take nothing by this action, that they have judgment for costs expended herein and that all defendants go hence without day."

"Exhibit A" attached to said answer, is as follows, to-wit:

"EXHIBIT A.—DEMAND AGAINST PARTNERSHIP ESTATE.

"The estate of Walters & Huddleston, late partnership, composed of W. T. Walters and G. H. Huddleston. Frank Bradley in charge of the partnership effects of said late firm as administrator of W. T. Walters, deceased, to A. F. Ault, Dr.

"On three promissory notes dated Dec. 23, 1899, payable to the order of the Southwest City Bank ninety days after date, and bearing 8 per cent interest from maturity until paid and executed by W. T. Walters, G. H. Huddleston and A. C. Walters.

"One of these notes being for the sum of $1,000.00

"One for the sum of .................. 1,596.00

"And one for the sum of .............. 2,200.00

"Making the total principal of said notes the sum of ................... .....$4,796.00

"The interest due on said notes to Dec. 19, 1900, is ......... ........ ........283.47

"Total amount due on said notes to Dec. 19, 1900, is ......... ...........$5,079.47

"Copies of said notes are hereto attached and marked Exhibits 'A,' 'B' and 'C' respectively.

"W. T. Walters and F. H. Huddleston were partners on the date of the execution of said notes and were at the time of the death of W. T. Walters, deceased.

"A. F. Ault is the individual owner of the Southwest City Bank and is the owner of said notes.

"A. F. Ault being duly sworn according to law, says that to the best of his knowledge and belief he has given credit to the estate of Walters and Huddleston, a partnership, for all payments or offsets to which it is entitled, on the demand above described, and that the balance there claimed is justly due.

"A. F. AULT.

"Subscribed and sworn to before me this 19th day of December, A. D. 1900. Witness my hand and official seal.　　JOSEPH D. HAGLER, Notary Public.

"I, Frank Bradley, in charge of the estate of Walters & Huddleston, a partnership, hereby waive service of notice presentation for allowance of the within claim, this 19th day of December, A. D., 1900.

"Frank Bradley,

"Administrator in charge of the estate of Walters & Huddleston.

"CERTIFICATE.

"State of Missouri, County of McDonald, ss. In the probate court.

"I hereby certify that the sum of $5,142.39 was allowed on the attached demand of the fifth class of demands and costs on the 18th day of February, A. D. 1901. J. P. CALDWELL,

"Judge of Probate.

"(Indorsed.)

"Demand A. F. Ault v. Estate Walters & Huddleston, a late partnership.

"Filed in court this 18th day of February, 1901.

"J. P. CALDWELL, Judge of Probate."

At the October term, 1902, of the Greene County Circuit Court, defendant Bradley filed his separate answer which is as follows:

"Defendant Bradley, for separate answer to plaintiff's petition, denies each and every allegation in the same, saving and excepting that defendant says that the probate court of McDonald county did adjudge, make and enter its judgment, order and allowance of the plaintiff's demand against the estate of W. T. Walters, deceased, of record in the form and words set out in the plaintiff's petition purporting to copy the same as actually entered and written, of date February 18, 1901.

"Defendant further says that as the duly appointed administrator of the estate of W. T. Walters, he has given bond, with sureties approved by the said probate

court, and has been and is duly qualified as the administrator of the partnership estate of Walters & Huddleston, a firm composed of the same W. T. Walters (now deceased) and one G. H. Huddleston, and that he has had and yet has the partnership estate aforesaid in his hands, and has been and is administering the same under the jurisdiction and control of the said probate court along with, but as distinguished from the individual estate of the said deceased Walters, each of which estate consists of lands, tenements, personal property, moneys, notes and accounts, and both of which estates are being converted into cash assets to pay debts and demands allowed by said court against said estate respectively. That the whole assets of each and both of said estates are not sufficient in amount or value to pay or satisfy the said debts and demands, debts and assets thereof being as follows:

"Debts of the individual estate of the fifth class amount to $4,700.90, and the whole assets applicable thereto amount to $4,733.00. Debts of said partnership estate amount to $7,044.78, and the whole assets applicable thereto amount to about $1,743.30; so that both estates are insolvent.

"That the plaintiff's claim and demand is based upon and was in fact debt or debts of the said partnership, and primarily chargeable against and payable out of the assets thereof; and the same was by plaintiff first exhibited to the said administrator as such on the 19th of December, 1900, and the same notes described in plaintiff's petition with the plaintiff's demand based thereon, were presented by plaintiff to the said probate court against said partnership estate, and the same was adjudicated and allowed by said court in plaintiff's favor, February 18, 1901, in the sum of $5,142.39, to be paid out of the assets of said partnership estate, which judgment was duly made and entered of record of said court, at the same time with the allowance of the same demand against the said individual

estate, though written first on said record at plaintiff's instance, copy of which said demand, as allowed against said partnership estate, with plaintiff's affidavit in support of same, first filed herein with answer of W. E. Jones and A. J. McKinney are adopted by defendant to be hereto annexed as 'Exhibit A.'

"The plaintiff has elected voluntarily to present his said demand as a claim and debt of and against said partnership estate, and he has reduced the same to judgment of allowance against said estate, out of which he has been paid part of said debt, whereby he is estopped from claiming otherwise in this case."

At the same time plaintiff filed his reply to the answers of the defendants:

"FIRST. He denies the allegations in said answers that he first presented and allowed the demands set forth in the complaint, against the partnership estate of Walters & Huddleston, but alleges the fact to be that said claims were presented and allowed against the individual estate of W. T. Walters and against the partnership estate of Walters & Huddleston at the same time and the provision in the allowance of the claim against the individual estate of W. T. Walters to the effect that any sums received from the partnership estate should be credited in the allowance against the individual estate of Walters was inserted at the instance and request of the attorney of the administrator of W. T. Walters, as he claimed, to prevent a double collection of the claim.

"SECOND. Plaintiff denies the allegation in said answer that he voluntarily elected to probate his claim against the partnership estate of Walters & Huddleston as partnership claim only, but alleges the fact to be that his said claims were in fact the individual liabilities of W. T. Walters, G. H. Huddleston and A. C. Walters, and known to the plaintiff to be such at the time they were presented for allowance, but the plaintiff believed that Walters & Huddleston, a partnership

composed of W. T. and G. H. Huddleston, was also liable for the same and that it was his duty to present the same against said partnership estate. The plaintiff did not understand or believe at the time that his claim was liabilities of only one of said estates and that he had a choice or election as to which estate he should hold liable therefor, and he alleged that he did not in fact or in law have such choice or election, and did not in fact make any such choice or election. He knew at the time that the partnership estate was insolvent and that very little would be realized from it, but the individual estate of W. T. Walters was supposed by him at that time to be solvent, or nearly so, and if he had been called upon to make a choice or election as to which estate he should hold for his debt he would have probated the same as against the estate of W. T. Walters, deceased.

"THIRD. The plaintiff says it is not true that anything has been received by him on his claim from the estate of Walters & Huddleston. And the plaintiff further states that if it should be held that his claims were not provable against the partnership estate of Walters & Huddleston, as well as against the individual estate of W. T. Walters, he is ready and willing to abandon his claim against such partnership estate.

"FOURTH. The plaintiff denies each and every allegation of said answer not herein specifically denied, which is inconsistent with plaintiff's petition."

And thereupon at the said October term the defendants filed their motion for judgment on the pleadings as follows:

"Defendants move the court for judgment in their behalf upon the pleadings in this case, for the causes and reasons following:

"The facts averred by plaintiff do not constitute any equitable cause or ground of action or decree in this case.

"If there be any remedy, it may be had adequately at law.

"It is apparent from the plaintiff's allegations that he has no cause of suit nor grounds for any remedy that may be awarded in this case. The admissions of the plaintiff show that no remedy is available to him in this case."

Which said motion having been seen, heard and considered by the court was sustained, and a decree entered dismissing plaintiff's bill, to which action of the court the plaintiff at the time duly excepted, and in due time the plaintiff filed his motions for new trial and in arrest of judgment, which were heard and over-ruled and plaintiff excepted, and thereupon took his appeal in due form to this court.

I. The sole question for our determination on this record is the propriety of the action of the circuit court in sustaining the motion of the defendants for a judgment in their favor on the pleadings. That the action of the probate court in changing, altering and modifying its judgment, made upon due notice to the administrator and in the presence of plaintiff and his counsel and the administrator and his counsel and after making the certificate of allowance against the individual estate of W. T. Walters, deceased, and assigning it to the fifth class of demands, and after having approved the entry for the permanent record in the presence of both parties, when the plaintiff and his counsel had left the county seat and gone to their respective homes some twenty miles distant, and without any notice to the plaintiff or his attorney of his intention to alter and change the said judgment entry by the interlineation of the matter set forth in italics in plaintiff's petition, was without authority of law, there can be no question in the light of the decisions of this court, beginning with Caldwell v. Lockridge, 9 Mo. 358.

In that case it appeared that the administrator, Lockridge, had given the regular notice of his inten-

tion to resign his letters. He appeared in pursuance of that notice and made final settlement and resigned. The settlement left the estate indebted to Caldwell in the sum of $190.42, and the order was made directing the administrator to pay him that sum. Afterwards at a subsequent day of the same term an order was made correcting the former order, disallowing the amount of the commission allowed by that order, the effect of the correction was to bring Caldwell $101.53 in debt to the estate. This order was made without any notice to Caldwell. Judge SCOTT, upon this state of the case, said: "On what principle could it be said that he was in court after that time for any purpose? Beyond all question the county court during the term had authority to vacate the order that had been made. But that could only have been done according to the principles of justice. No one could be affected by proceedings of which he had no notice. It is a principle of universal justice that a judgment against a party without notice of the proceedings is purely void. Although the court may have jurisdiction of the cause, yet, if the defendant is not affected with notice of the proceedings, he is not bound by them." This statement of the law has received the approval of this court from that day until the present time. The last reference to it that has come under our observation was made in Aull v. St. Louis Trust Company, 149 Mo. l. c. 14, wherein it was again said that the court has power during the term to vacate any order made at that term, but can only do so after notice to the party to be affected is given. In the Aull case, due notice of the motion to set aside and correct the order of distribution theretofore made was given, and the defendants appeared and resisted the motion.

The action of the probate court then in making the interlineations above noted without notice to the plaintiff Ault was without any justification in law, and cannot be too strongly disapproved. Were it not for other

reasons which we must now consider we think it is
clear that the court would have erred in sustaining the
motion for judgment upon the pleadings.

But notwithstanding the unauthorized action of
the court in making the interlineations indicated by the
italics in plaintiff's petition, it affirmatively appears
that before those interlineations were made the court,
as a part of its judgment of allowance of plaintiff's
claim against the individual estate of W. T. Walters,
ordered, "that the claimant A. F. Ault shall credit
this judgment with all the sums of money received by
him on this claim and judgment against the partner-
ship estate of Walters & Huddleston that has been al-
lowed by this court against said partnership estate."
That is to say, the court found that this same claim
which it was then allowing against the individual estate
of W. T. Walters had already been allowed against
the partnership estate of Walters & Huddelston by
said court, and this is also averred in the answer of the
administrator, and in the reply of the plaintiff it is al-
leged that the fact is "that said claim was presented
and allowed against the individual estate of W. T. Wal-
ters, *and against the partnership estate of Walters &
Huddleston at the same time,* and the provision in the
allowance of the claim against the individual estate of
W. T. Walters to the effect that any sums received
from the partnership estate should be credited in the
allowance against the individual estate of Walters, was
inserted at the instance and request of the attorney of
the administrator of W. T. Walters, as he claimed, to
prevent a double collection of the claim." Thus it ap-
pears that the plaintiff had this claim allowed against
the partnership estate of Walters & Huddleston, as
well as against the individual estate of W. T. Walters,
and this accounts for the order of the court that plain-
tiff should credit the individual allowance with all
sums received by him on his allowance against the
partnership estate. In view of the law of this State in

regard to the allowance of demands against the estate of deceased persons, and the allegations of plaintiff's reply, and the defendant's answer that this claim was presented against the partnership estate of Walters & Huddleston, that claim must have been supported by the affidavit of the plaintiff, before the judgment was rendered in his favor against the partnership estate.

These facts all established independently of the interlineations in the judgment of allowance, what was the status of plaintiff with respect to the individual estate of W. T. Walters? This question was answered in Hundley v. Farris, 103 Mo. 78, in which it was ruled that partnership creditors have a primary and exclusive claim upon the partnership assets of bankrupt and insolvent partners when the same are administered, and distributed, and individual creditors have the exclusive right to have their debts first satisfied out of the property of individual partners. [See, also, Phelps v. McNeely, 66 Mo. 554.] It was said in Hundley-Farris case that our statutes "looking to the classification of demands against the estate of a deceased member of a partnership and the distribution of his estate have no effect whatever on such priority. They were not intended to have any such effect. The well-settled equities in such cases are not to be thwarted or overthrown by mere methods of procedure, such as those statutes authorize. This point has frequently been thus ruled in States possessed of statutes similar to our own. [Rodgers v. Meranda, 7 Ohio St. l. c. 192; Irby v. Graham, 46 Miss. 425; Smith v. Mallory, 24 Ala. 628.] . . . . . Nor is the position here taken in any manner affected by our statute requiring all joint contracts to be construed as joint and several and making provision for suit against any one or more of those liable. This was the equity rule upon the occurrence of the death of a partner long before the enactment of the statute. [3 Kent's Com., 64; 2 Bates on Partnership, 828, and cases cited.]"

It might be well to note that when there is no joint fund and no solvent partner, this is an exception to the rule above mentioned .

From the pleadings, then, it appeared to the circuit court and now appears to this court, that this claim of the plaintiff was a partnership debt against the firm of Walters & Huddleston, and even if the court should strike out all the interlineations and changes made in the record of the allowance of which plaintiff complains, the fact would remain that this claim was a partnership debt and plaintiff is estopped by the record which he caused to be made by the probate court, from saying that it was not a partnership debt, or be placed in the unenviable attitude of having wrongfully obtained a judgment against the said partnership estate to which he was not entitled. The fact that the partnership debt was several as well as joint cannot affect the question as to it being primarily the debt of the firm, and certainly the judgment against the partnership estate cannot be set aside nor its force ignored in this collateral case. So that, while we will not countenance or in any manner approve the unauthorized action of the probate court in making the interlineations in its judgment without notice to the plaintiff, we are of the opinion that when all the facts are considered on this record, plaintiff has not shown himself injured thereby. The probate court could have allowed the claim properly against both the individual and the partnership estate without attempting to direct the marshaling of the assets of the two estates and the settlement of the priorities, and left that to a time when all the claims had been allowed and the time had come for an order of distribution among creditors. Having reached the conclusion that, inasmuch as plaintiff established in the probate court that his debt was a partnership debt of Walters & Huddleston, and that therefore the individual creditors of W. T. Walters have a priority

against the individual estate of said Walters, and as neither law nor equity   requires the doing of a vain thing, no good purpose can be subserved by a further continuation of this litigation either by remanding the cause for a new trial, or by directing the circuit court to strike out the interlineations in the judgment of allowance, because while they were wholly unauthorized, and the action of the probate court in making them, without notice to the plaintiff, was improper and of no effect, the plaintiff in the peculiar state of this record has not suffered, nor will he suffer any loss or injury thereby. Accordingly the judgment of the circuit court is affirmed.

All concur.