JAYME M. D'ALMEIDA, administrator, *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.     March 7, 8, 1916. — June 21, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Estoppel. Negligence,* Causing death. *Joint Tortfeasors. Judgment. Execution,* Satisfaction of. *Damages,* Against joint tortfeasors.

Where an action against a railroad corporation under St. 1907, c. 392, for negligently causing the death of an employee of a mill corporation was tried together with an action against the mill corporation under St. 1909, c. 514, § 128, for causing the same death, under both of which statutes the damages are to be assessed with reference to the degree of culpability of the defendant, there was evidence that the death in question was caused by the concurring negligence of both corporations and the presiding judge instructed the jury that it was important for them to know that in case of a judgment against each defendant there could be but one satisfaction. The plaintiff did not object to this instruction and verdicts were returned against both defendants, on each of which judgment was entered and execution issued. *Held,* that, if before the trial the plaintiff was entitled to have the action against each defendant for negligently causing the death of his intestate decided upon its own merits without regard to the fact that another action was pending against another defendant based upon the

same facts, on which no opinion was expressed, the plaintiff, having acquiesced in the submission of the cases to the jury under the instruction quoted above, was estopped from collecting more than one judgment.

An estoppel may be established by proof of silence when there was a duty to speak.

LORING, J.    This was an action under St. 1907, c. 392, to recover a penalty for negligently causing the death of the plaintiff's intestate.   It came on for trial (1) with another action against this defendant brought to recover compensation for conscious suffering of the plaintiff's intestate and (2) with an action against the Boott Mills brought (under St. 1909, c. 514, § 127, cl. 2; § 128,) both to recover a penalty for negligently causing the intestate's death and damages for his conscious suffering.   In the course of the trial a doubt occurred to the presiding judge * whether the plaintiff would be entitled to more than one satisfaction in case he obtained a judgment against each defendant for a penal sum (on the ground that the negligent act of each defendant was a concurrent cause of the death of the plaintiff's intestate) and that what he said to the jury on that matter "would probably affect the amount of the verdicts."   Thereupon he conferred with counsel and said to them that he thought there could be but one satisfaction "and they assented to that view."   The judge then suggested that the counsel should make a stipulation covering that point.   They assented to that.   Later a stipulation was submitted by counsel for the mill corporation to counsel for the railroad; the counsel for the railroad "objected to the form prepared" by the counsel for the mill corporation and no written stipulation was made.

In his charge to the jury the presiding judge said:   "As counsel have said, if you should bring in verdicts for the plaintiff both against the Boott Mills and against the Boston and Maine Railroad and those verdicts stood and went to judgment, the plaintiff would not be permitted to recover [collect] judgments in both cases. In such case, if there was any difference in your verdicts; — if you made any difference — if you gave a larger verdict in one case than you did in another, it may be very natural to suppose that he would content himself with the larger judgment and let the other go, but he could not recover [collect] both, and that is important for you to know, but you will treat each case as a case by itself and con-

---

* *Fox,* J.

sider what, if anything, the plaintiff ought to recover as to that particular defendant, and having in mind the fact that in this class of cases it is conceivable that each of two different persons may have been at fault and each of two different persons may be therefore responsible to the plaintiff." No exception was taken to this part of the charge by any of the counsel.

In the action against the mill corporation the plaintiff obtained a verdict of $200 on the count for conscious suffering and a verdict of $3,300 on the count for negligently causing the death of the intestate. In the action against the railroad corporation for conscious suffering the jury returned a verdict for $200, and in the other action against the railroad corporation (namely, the action for negligently causing the death of the intestate) the plaintiff obtained a verdict for $6,300. Judgments were entered on these verdicts and executions were taken out on the judgments so entered. On the execution against the mill corporation the plaintiff collected the full amount of the judgment. On the execution against the railroad corporation taken out on the judgment in the action for conscious suffering, the plaintiff collected from the defendant its costs, and returned the execution to court with an indorsement upon it in which it was stated that the full amount of the judgment for conscious suffering in the action against the mill corporation having been collected by him the plaintiff was not authorized to collect anything more on this execution. An indorsement was made upon the execution taken out in the action against the railroad corporation for negligently causing the death of the intestate, which stated that the plaintiff had received from the defendant $128.32, being the amount due for costs and interest, and the "sum of $3,092.49 for damages" and having received from the mill corporation the full amount of the judgment against it "and being of opinion that, in view of the opinion of the Supreme Judicial Court in these cases, we are not authorized to proceed further in the collection of this execution, we hereby return the same to court." Acting upon what was said *obiter* by this court in *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582, 592, the plaintiff took out an *alias* execution, whereupon the defendant pursuant to the decision of this court in *Boston & Maine Railroad* v. *D'Almeida,* 221 Mass. 380, made a motion that the original cause be brought forward and that the *alias* execution be set aside.

The facts stated above were found by the judge on this motion. On these facts the judge made this ruling: "I adhere to my original ruling that there can be but one satisfaction, and rule as a matter of law that the motion should be allowed." Thereupon he reported the case to this court.

We do not find it necessary to pass upon the ruling of law made by the judge because we are of opinion that under the circumstances the plaintiff is estopped to collect more than one judgment.

It may be true that the plaintiff was entitled to have each action against each defendant for negligently causing the intestate's death decided upon its own merits without regard to the fact that another action was pending against another defendant based upon the same facts. Upon this point we express no opinion. By the terms of the statute the amount of the penalty imposed upon a defendant (which enures to the benefit of those whom the plaintiff represents) depends in each case upon the degree of culpability upon the part of the particular defendant in each action and in no way depends upon the fact that there is another defendant also liable to pay a similar penalty for negligently causing the intestate's death, even though the negligent act of the other defendant was a cause of the death concurrent with the negligent act of the defendant in the action in question. But the plaintiff did not ask that the case should be left to the jury on these terms. On the contrary, when the judge told the jury that it "is important for you to know" that there can be but one satisfaction, the plaintiff chose to take his chances as to the amount of the verdict or verdicts which he would obtain (if he obtained a verdict or more than one verdict) under that statement of the presiding judge.

When a jury is told that there can be but one satisfaction and that it is important that they should know that fact in determining the amount of the verdicts which they are to render it is more than likely that the amount of the verdicts actually rendered was influenced by that instruction of the presiding judge. The plaintiff chose to take verdicts, the amount of which must be taken to have been influenced (or at least it is likely that they were influenced) by these considerations. It follows that he is estopped to collect both judgments. See in this connection *Lincoln* v. *Lincoln*, 12 Gray, 45; *Lilley* v. *Adams*, 108 Mass. 50; *Cornwall* v. *Davis*, 38 Fed. Rep. 878; *Galt* v. *Provan*, 131 Iowa, 277; *Ault* v. *Bradley*, 191 Mo. 709.

The plaintiff has argued that there is no estoppel in the case at bar because there can be no estoppel unless there has been a representation of an existing fact made by the plaintiff, meaning, as we understand his argument, that the plaintiff must have made a statement by word of mouth. It is rather hard to make that contention in view of the fact that in the leading case on estoppel *in pais,* (*Pickard* v. *Sears,* 6 Ad. & El. 469,) it was held that an estoppel can be made out by silence when there is a duty to speak. That proposition, and the case of *Pickard* v. *Sears* as authority for that proposition, have been abundantly established in this Commonwealth. The reason why there are no recent cases on the point is because no doubt about the point remained after the cases of *Dewey* v. *Field,* 4 Met. 381, *Cartwright* v. *Bate,* 1 Allen, 514, *Fowler* v. *Parsons,* 143 Mass. 401, *Brewer* v. *Boston & Worcester Railroad,* 5 Met. 478, 483, *Audenried* v. *Betteley,* 5 Allen, 382, 384, *Bragg* v. *Boston & Worcester Railroad,* 9 Allen, 54, 61, *Fall River National Bank* v. *Buffington,* 97 Mass. 498, 501. There is nothing to the contrary in *Jackson* v. *Allen,* 120 Mass. 64, 79, *Stiff* v. *Ashton,* 155 Mass. 130, *Lincoln* v. *Gay,* 164 Mass. 537, *Nourse* v. *Nourse,* 116 Mass. 101.

It follows that the motion of the defendant to set aside the *alias* execution must be granted.

*So ordered.*

*S. E. Qua,* (*F. W. Qua* with him,) for the plaintiff.

*F. N. Wier & J. M. O'Donoghue,* for the defendant, were not called upon.