Adlow, J.
The wife of the defendant ran a lodging house at premises leased to her by the plaintiff. No Married Woman’s Certificate had been filed by her nor had the defendant filed a notice as permitted by law. General Laws, chap. 209, sec. 10. Having failed to avail himself of the opportunity provided by this act of protecting himself against claims growing out of his wife’s business dealings, the defendant under ordinary circumstances would have been liable for all obligations incurred by her in her business. He relies, however, upon the plaintiff’s conduct which he contends constituted a waiver of her rights and estopped her from pursuing her claim against him.
There was evidence that the lease was prepared by the plaintiff’s lawyer in the presence of the plaintiff, the defendant, and his wife. The defendant testified that in the presence of all these he objected to his wife going into the lodging house business; that he refused to sign the lease when requested to do so; and that the plaintiff said to him *70 “I am not going to hold you responsible.” The defendant’s wife testified that the defendant told the plaintiff that he did not want his wife to sign the lease and he only would let her sign if the plaintiff would not hold him responsible, and that the plaintiff said “I will not hold him responsible for anything. ’ ’
The court found in part “■ — that the plaintiff, thru her statements to the defendant and to his wife, and thru her conduct, expressly waived the right to- look to the defendant for any debt arising out of the transaction. ’ ’ Taken in its literal sense this finding was warranted by the evidence. In its legal sense it was not, since there could be no waiver of rights arising from a law with respect to which all parties were concededly ignorant at the time of the transaction. Kent v. Warner, 12 Allen 561, 563. Shaw v. Spencer, 100 Mass. 382 at 395. The court made the further finding 1 ‘I also find that the plaintiff cannot recover on the ground of equitable estoppel.”
While courts have consistently recognized the rights of creditors to look to the husband for the payment of wife’s business debts if neither has filed certificates under the Act, even though the creditor in his dealings with the wife knew she was operating the business in her own behalf. Feran v. Rudolphsen, 106 Mass. 471. The courts have indicated that there might be circumstances under which creditors by their conduct could be precluded from taking advantage of such omission. Parsons v. Henry, 197 Mass. 504, 510. The unusual circumstances of the present cause, moreover, distinguish it from the many reported cases and provide ample basis for estoppel which the court invoked in aid of the defendant.
Statements made with the intention of inducing people to act or not to act and in reliance of which people have act *71 ed or failed to act furnish the basis for an estoppel in pais. Nourse v. Nourse, 116 Mass. 101, 104. The representation need not be fraudulent in the strict legal sense or uttered with intent to mislead or deceive. The test is whether in all the circumstances of the case considerations of decency should permit one to repudiate representations or assurances upon which parties relied. McLearn v. Hill, 276 Mass. 519, 525. We cannot disregard the fact that when this lease was executed the plaintiff’s lawyer was present, while neither the defendant nor his wife were represented by counsel. Whether the plaintiff knew or should have known that the defendant might be liable is immaterial. If, as a result of the plaintiff’s assurance that she would not look to him for payment, the defendant’s wife signed the lease or the defendant did nothing with respect to filing a certificate, there is ample basis for an estoppel. Boston and Albany Railroad v. Reardon, 226 Mass. 286, 291. Such assurances have provided the basis for an estoppel where parties were more directly obligated than in the present cause. Boston Five Cents Savings Bank v. Brooks, 309 Mass. 52 at 57. In our opinion there was ample evidence to support the defense of estoppel.
Report dismissed.