## SILAS REED vs. THE STATE OF MISSOURI.

What is reasonable notice of an application for a change of venue depends upon circumstances. If the party making the application had knowledge of the cause for a change, he should give notice before the day of trial. If, however, he gives notice so soon as he learns that he has cause to apply, it will be sufficient, even if at the time the cause is called for trial.

APPEAL from St. Louis Criminal Court.

McBRIDE, J., *delivered the opinion of the Court.*

Silas Reed was indicted by the grand jury of St. Louis county for a

libel.   The indictment was found at the January term, 1847, of the
Criminal Court of said county.   At the March term following, the
defendant filed pleas to the indictment, which were demurred to, and the
demurrer sustained; he then filed his plea of not guilty, as also a motion
and affidavit for continuance, which motion appears not to have been
disposed of; then a mis-trial was had, the jury not being able to agree on
a verdict, and the cause was continued.   At the May term, there being
no circuit attorney, the cause was again continued.   At the July term,
the circuit attorney having been of counsel for the defendant prior to his
appointment, the court appointed M. Leslie, Esq., to prosecute, and the
cause was continued on affidavit and motion of the defendant.   At the Sep-
tember term, the defendant made an application, supported by his affida-
vit, for a change of venue.   The ground alleged is the prejudice of the
Judge towards the defendant, by reason of which he feared that he could
not obtain a fair trial.   The court refused a change of venue.   The
defendant then made his motion accompanied by his affidavit for a con-
tinuance because of the absence of material witnesses, and the indispo-
sition of his counsel, but the court refused to grant a continuance.   At
a subsequent day of the term, in consequence of the absence of Mr. Les-
lie, the court appointed Uriel Wright, Esq., to prosecute, after which
the defendant again renewed the application for a change of venue,
because of the prejudice of the Judge, which fact he alleges came to his
knowledge for the first time on the day of his former application, and
subsequent events have confirmed him in the opinion that the Judge was
and is so much prejudiced against him that he fears he cannot obtain a
fair and impartial trial of this cause.   The motion was again overruled
and the defendant excepted.   A trial was then had which resulted in a
verdict of guilty, whereupon the defendant moved for a new trial and
in arrest of judgment, which motions were overruled and he excepted
and appealed to this Court.

We shall not examine the pleadings to ascertain whether the court
correctly sustained the demurrers to the two special pleas of the defend-
ant to the indictment, for the record states that the pleas are not on file,
and a paper afterwards made out by the clerk purports to be copies of
pleas returned to his office by the defendant and his counsel, about thirty
days after the record was certified up to this court.   Besides, the Crim-
inal Court held that the matter pleaded could be given in evidence under
the general issue, hence the defendant could not have been very seri-
ously injured by the judgment of the court in sustaining the demurrers to
his pleas.

The only question presented by the record in which we differ in opinion with the court below, is the overruling of the defendant's motion for a change of venue. By the 16th sec., art. 5, p. 873, Rev. Code, 1845, it is enacted that when any indictment or criminal prosecution shall be pending in any circuit court, the same shall be removed by the order of such court or the Judge thereof, to the circuit court of some county in a different circuit, in either of the following cases, &c.

*Fourth.* When the Judge is in any way interested or prejudiced, or shall have been counsel in the cause, then by the 20th sec. it is provided that "the petition of the applicant for a change of venue shall set forth the facts, and the truth of the allegations shall be supported by the affidavit of the defendant or some credible disinterested person, and reasonable previous notice of such application must be given to the prosecuting attorney." The 24th sec. provides that "if the defendant will, in addition to the oath requisite in ordinary and timely applications, swear that the facts on which he grounds his application have first come to his knowledge since the last proceeding continuance of the cause, the court shall grant a change of venue, although such application be made at the term subsequent to that at which the prisoner was liable to be arraigned." The other provisions of the statute to which reference was made are not applicable to this case; they refer to changes of venue for other causes than the prejudice of the Judge.

The petition and affidavit of Reed state that affiant's belief that the Judge is so prejudiced againt him that he fears he cannot obtain a fair trial, and that the fact of the Judge's prejudice came to his knowledge for the first time on the day of his application for the change of venue.— The first petition and affidavit were made on the 23d September, the second on the 1st November, next following, in which he reaffirms his belief that the Judge is so prejudiced against him that he fears he cannot have a fair trial, and that since his first application for a change of venue he has become more convinced of the existence of such prejudice. Aside from the notice thus given to the attorney for the State, by the filing of his petition and affidavit for a change of venue, the defendant also notified the said attorney in writing, of his intention to file the said petition. The notice is dated on the day of the filing of the last petition, which was about five weeks after the first application. The statute requires that the applicant shall give to the prosecuting attorney *reasonable* previous notice of his intended application for a change of venue. The term *reasonable* as here used, must be construed with reference to the existing facts. If the defendant had possessed a knowledge of the Judge's

prejudices for days and weeks prior to his application for a change of venue, then perhaps he should have given the prosecuting attorney notice before the morning of the day when the cause was called for trial. But if he received that information on the morning of the day of trial and immediately thereafter gave the attorney notice of his intention to apply for a change of venue, and did make his application accordingly, the notice was a reasonable one under the circumstances ; or, the party is not entitled to a change of venue where he derives his information at so late a period. He gave his notice at the earliest possible period, and if there was not time for the prosecuting attorney to prepare himself to resist the application, the court might in its discretion have postponed the trial for a day or more to enable the attorney to do so.

We are of opinion therefore, that the court erred in refusing the defendant a change of venue, and that its judgment should be reversed, and Judge Scott concurring, the judgment is reversed, and the cause remanded to the Court of Common Pleas, with instruction to that court to grant the defendant a change of venue to some judicial circuit wherein the Judge is not prejudiced against him.