STERLING MANUFACTURING COMPANY V. FRANK HOUGH.

FILED NOVEMBER 18, 1896. No. 6873.

1. Attachment: MOTION TO DISSOLVE: NOTICE. A reasonable notice of the hearing of a motion to discharge an attachment is such notice as is meet and fair in view of the circumstances and conditions existent at the time in the matter to be presented.

2. ———: RULING ON MOTION: REVIEW. In a hearing of a motion to discharge an attachment, one of the grounds of which is the untruth of the allegations of the affidavit for attachment, where the evidence used at the hearing is conflicting, the conclusions of the judge who heard the matters, announced from such evidence, will not be disturbed unless manifestly wrong.

ERROR from the district court of Cuming county. Tried below before NORRIS, J.

*M. McLaughlin,* for plaintiff in error.

*C. C. McNish, contra.*

HARRISON, J.

In this action, instituted in the district court of Cuming county, an order of attachment was procured to issue and was levied on personal property. A motion to discharge the attachment was filed for defendant, and on hearing before a judge at chambers the attachment was discharged. The order then made is the burden of the complaint in the error proceedings prosecuted to this court. The certificate of the clerk of the district court attached to the record is to the effect that the affidavit

for attachment is a part of the transcript filed here. We have searched the record and do not find the affidavit or a copy of it, but counsel for defendant in error makes no complaint of this. On the contrary he states in his brief that the grounds of the affidavit were as follows: "That the defendant, Frank Hough, is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors, and that he has assigned or disposed of his property, or a part thereof, with intent to defraud his creditors;" and we will accept these as the material allegations of the affidavit in our consideration of the questions presented.

It is urged that there was not sufficient notice given of the hearing on the motion to dissolve the attachment. In section 235 of our Code of Civil Procedure, in regard to notice of a motion to discharge an attachment, it is provided: "The defendant may, at any time before judgment, upon reasonable notice to the plaintiff, move to discharge an attachment, as to the whole or a part of the property attached;" and under the general head of "Motions and Orders," in section 574 of the Code, it is said, in relation to notice: "Where notice of a motion is required, * * * it shall be served a reasonable time before the hearing." The contention here is, that notice of the motion was not given "a reasonable time before the hearing." If we were to be governed by the statements of the record as to this point, we would feel constrained to hold that it establishes that the plaintiff was represented at the hearing. The journal entry of the order made contains the following: "To all of which the said plaintiff then and there duly excepted, and asked and obtained twenty days in which to prepare and file in the supreme court of the state of Nebraska its petition in error upon executing an undertaking as required by law;" and in the bill of exceptions it appears: "Be it remembered that on the trial and hearing of the cause, * * * on the motion to dissolve the attachment, * * * the plaintiff, to maintain the issues on his part, read in evi-

dence the affidavits of [here followed a list of affidavits], all of which said affidavits are hereto attached and made a part hereof. Whereupon the plaintiff rested." But it appears from statements of counsel, in the briefs filed in this court, that the plaintiff was not present at the hearing, either by counsel or any other person. Affidavits were filed in support of the motion, and also to sustain the allegations of the original affidavit filed to obtain the issuance of the writ. The case was commenced September 30, 1893. The writ of attachment was levied October 2, 1893. On December 4, 1893, notice was duly served on the plaintiff that on the 5th day of December, 1893, or as soon thereafter as he could be heard, the defendant would apply to the district court for an order discharging the attachment, and that affidavits would be filed in an effort to disprove the allegations of that filed to procure the writ. Acknowledgment of the receipt of a copy of this notice by attorney for plaintiff was indorsed on the original. It appears that no hearing was had pursuant to this first notice, and on the 20th day of March, 1894, at ten minutes past three o'clock P. M., a notice was served on attorney for plaintiff, of a hearing of the motion before the judge at chambers at Ponca, on March 22, 1894, at 9 o'clock A. M., at which time the matter was presented, with the result we have hereinbefore stated.

It is asserted by counsel for plaintiff, in his brief, that he was, at the time the last mentioned notice was served, engaged in the trial of causes in the county court of Cuming county, and had other trials set for the succeeding day, which would fully occupy his time and attention up to, and including, the day on which the hearing was had on the motion; that he notified the judge before whom the attachment matter was to be presented of the facts in respect to counsel's business engagements and consequent inability to attend the hearing on the motion, also that he further called attention to the fact that a regular term of district court for Cuming county was fixed for

April 23, 1894. These statements are all in reference to matters which do not appear in the record and we cannot consider them. If there was time to make a protest to the judge informally, there must have been time to make it in the regular manner and thus have it appear in the record. As it was presented, it is not available in this proceeding at this time. The affidavits, quite a number of them on behalf of plaintiff, as well as those favorable to the contention of defendant in his motion and used at the hearing, had all been filed long prior to such hearing, and counsel for plaintiff does not claim that he desired to prepare or file any other or further evidence, nor does he complain that there was not sufficient time for him to go or to send some one to the place of hearing designated in the notice. The record before us fails to disclose that the plaintiff did not receive reasonable notice of the time of the hearing of the motion in view of all the circumstances and conditions existent in the matter at the time. Reasonable notice is defined to be "Such notice or information of a fact as may fairly and properly be expected or required in the particular circumstances." (Black's Law Dictionary, 998.) In Nash's Pleading & Practice [4th ed.], page 1228, in reference to the requirement that notice of a motion shall be served a reasonable time before the hearing, it is observed: "A reasonable time is such that the party notified will have ample time to prepare himself and be able to be present at the time and place of hearing. If it is a motion on which affidavits are to be used, time must be allowed for obtaining them. If the motion is predicated on the record or papers on file, then the time must be such as to enable him to be present, providing for ordinary contingencies."

One of the grounds of the motion to dissolve the attachment was that the allegations of the affidavit were untrue. It is contended by plaintiff that the finding and judgment on this point were contrary to the weight of the evidence. A careful perusal of the evidence discloses that it was conflicting as to the facts involved, but also

that there was sufficient to sustain the finding of the trier of these facts. This being true, the conclusions reached and the resulting judgment will not be disturbed.

It was also of the grounds of the motion that the action was based on claims of which some considerable sums were not due, and that no application had been made, and an order for the issuance of the writ obtained in the manner prescribed by law. Inasmuch as the determination of the correctness of the findings of the judge, who presided at the hearing, in relation to the truth of the statements of the affidavit for attachment effectually disposes of the whole matter, a discussion of this further point in the case is rendered unnecessary. The order and judgment is

AFFIRMED.