## THE STATE v. OTHO SUTTON, Appellant.

### Division Two, February 7, 1911.

1. **APPEAL: Granting New Trial After Appeal Taken.** Where defendant's motions for a new trial and in arrest had been overruled, and he had been granted an appeal, the action of the trial court in setting aside the order granting an appeal and taking up and sustaining the motions, in the absence of appellant, and upon its own initiative, was without authority of law, and the case will be considered on appeal as though defendant had not been granted a new trial; and a subsequent conviction after that appeal had been ordered will be set aside.

2. **EVIDENCE: Unmarried Female.** The fact that prosecutrix was an unmarried female, where there is no direct evidence specifically establishing that she was unmarried, may be inferred from the testimony, which unerringly enforces that conclusion.

3. **VERDICT: Carnal Knowledge: No Finding of Previous Chaste Character.** A general verdict finding defendant "guilty as charged in the information" is a finding that prosecutrix was an unmarried female of previous chaste character, and is sufficient, where the information charges her to be such in the language of the statute.

Appeal from Reynolds Circuit Court.—*Hon. Jos. J. Williams,* Judge.

AFFIRMED.

*J. H. Raney* and *James Orchard* for appellant.

(1) The court erred in giving instruction one, for the reason that there was no testimony to base said instruction on; that is to say, the State must allege and prove that the prosecutrix was single and unmarried at the time the offense was committed, which in this case the State failed to prove, and there is no evidence whatever, either direct or circumstantial, that the prosecutrix was unmarried, and when there is no evidence that she was unmarried at the time of the alleged carnal knowledge, a conviction will not be sustained. State v. Wheeler, 108 Mo. 664; State v. Reed, 153 Mo. 451. (2) The court erred in admitting defendant's motion in arrest of judgment for the reason that the verdict of the jury was not responsive to the issues in the case. It is necessary to allege and prove that the prosecutrix was of previous chaste character, as well as single and unmarried, and that being true, the jury must find such facts, which in this case it failed to do. Under an indictment, or information, as in this case, charging carnal knowledge of an unmarried female of previous chaste character between the ages of fourteen and eighteen, a verdict which omits an essential element of the offense, to-wit, that the female was of previous chaste character, is insufficient as not being responsive to the charge. State v. DeWitt, 186 Mo. 67.

(3)    The court erred in setting aside the order granting an appeal and its order overruling the defendant's motion in arrest of judgment and for a new trial, and in ordering a new trial in this cause after an appeal had been taken.    The appeal had been granted and defendant executed his bond and a supersedeas was ordered, and after that had been done the court, without the presence of the defendant, set aside all the orders above mentioned and ordered the defendant brought into court for a new trial, which was had at the next succeeding term of court.    An appeal to the Supreme Court from the judgment of the circuit court invests the Supreme Court with, and deprives the circuit court of, jurisdiction over the cause.    Burgess v. O'Donoughue, 90 Mo. 299; State ex rel. v. Anthony, 65 Mo. App. 553.    After an appeal is taken in a cause, before the transcript is filed in the appellate court it must be regarded as being in the court to which the appeal is taken.    Foster v. Rucker, 26 Mo. 494; Bank v. Allen, 68 Mo. 474.    By the appeal, the lower court loses jurisdiction, and that jurisdiction cannot be regained unless it is handed back to it by the appellate court by reversing and remanding.    Donnell v. Wright, 199 Mo. 313; State v. Gordon, 196 Mo. 196; Ex parte McAnally, 199 Mo. 512; State ex rel. v. Gates, 143 Mo. 63; State v. Biesemeyer, 136 Mo. App. 668.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1)    The information is properly verified, valid and sufficient.    The second count upon which the appellant was convicted is based upon Sec. 4472, R. S. 1909, and measures up to the standard of requirements as provided by the decisions of this court.    Appellant makes no complaint to the information.    State v. McCullough, 171 Mo. 571; State v. Hunter, 171 Mo. 435; State v. Hall, 164 Mo. 528; State v. Knock, 142 Mo.

516; R. S. 1909, sec. 4472. (2) This verdict is a general verdict and is sufficient. State v. Dewitt, 186 Mo. 70; State v. Sartino, 216 Mo. 418; State v. Stork, 202 Mo. 221. (3) Appellant complains that there was no proof that the prosecuting attorney was single and unmarried at the time the offense was committed. In this appellant is in error. There was ample evidence to submit that question to the jury. State v. Pippin, 221 Mo. 460.

BROWN, J.—The defendant was convicted in the circuit court of Reynolds county, on November 25, 1909, of violating section 4472, Revised Statutes 1909, by having carnal knowledge of one Ida Speer, an unmarried female, between the ages of fourteen and eighteen years, of previous chaste character. His punishment was assessed at a fine of four hundred dollars, and after unavailing motions for a new trial and in arrest of judgment, he appeals to this court.

The record proper shows that on February 27, 1909, two days after this appeal was granted, and after defendant's appeal bond had been approved, the trial court set aside its order granting the appeal, as well as its orders overruling the motions for new trial and in arrest, and granted defendant a new trial. A second trial also resulted in the conviction of defendant, from which he has filed a second appeal in this court.

It is contended by the defendant that the unusual action of the circuit court in setting aside his appeal and granting him a new trial was without notice to him and without his consent, and as these orders appear to have been made by the court of its own motion, and do not recite any appearance or notice, it is fair to presume that defendant was absent and did not consent to their entry.

While circuit courts have power to set aside or modify their orders and judgments during the term at

which such orders or judgments are entered, when the litigants are actually or constructively before the court, we believe it would be an unwarranted expansion of their discretion to permit them of their own motion to reopen cases in which their jurisdiction has been exhausted by granting appeals. [Ex parte McAnnally, 199 Mo. 512; State v. Biesemeyer, 136 Mo. App. 668.]

This court has heretofore refused to sanction the practice of trial courts in changing or modifying final judgments, even during the same term at which they were entered, without notice to the litigants whose interests are affected, but who are no longer in court. [Ault v. Bradley, 191 Mo. 709.]

We therefore conclude that all the orders made in this cause subsequent to the granting of the appeal to this court on the 25th day of November, 1909, were illegal, and that this appeal should be considered as though defendant had not been granted a new trial.

The evidence of the prosecutrix, Ida Speer, is to the effect that defendant paid court to her at intervals from April until November, 1907; that by promising to marry her and protesting great affection on his part, he persuaded her to have sexual intercourse with him in June, 1907, and on several other occasions from that date until the month of November, 1907, when she became pregnant and nine months later was delivered of a child. A number of witnesses testified to the good reputation of the prosecutrix prior to the date she began going with defendant. Defendant, Sutton, denied the promise of marriage, but admitted the acts of sexual intercourse with the prosecutrix, and sought to prove that she was unchaste before he began having sexual intercourse with her. There was some evidence of improper conduct on her part with another man before defendant began keeping company with her.

Such additional evidence as is necessary to a full understanding of the case will be noted in connection

with our decision on the assignments of error urged by defendant.

The first error assigned by defendant is that there was no evidence, direct or circumstantial, that the prosecutrix, Ida Speer, was unmarried at the time the alleged crime was committed. While there was no direct evidence that she was unmarried, we find upon a careful reading of the record that the mother of prosecutrix testified that she was a daughter of William Speer and was therefore still known by his name. Witness Boyd referred to her as "a girl." Prosecutrix testified to a proposition and contract of marriage, and to the further fact that the defendant was the first man who had ever had sexual intercourse with her. The defendant himself refers to her as "Miss Ida Speer," whom he accompanied to church; so that we conclude there was abundance of indirect evidence to warrant the finding of the jury that she was unmarried, under the rulings of this court in the cases of State v. Reed, 153 Mo. 451, 1. c. 453; and State v. Pipkin, 221 Mo. 453, 1. c. 460.

Defendant also contends that the verdict of the jury is fatally defective, in that it contains no finding that the prosecutrix was of previous chaste character. The verdict of the jury is as follows:

"We the jury in the case of State of Missouri against Otho Sutton, find the defendant, Otho Sutton, guilty, as he is charged in the second count of the information, and we fix his punishment for the same at a fine of four hundred dollars.     G. W. Hodges, Foreman."

We can clearly see that if the jury had attempted to recite any of the substantial charges in the information, then it would have been necessary to have inserted in their verdict a finding in favor of the State on all the substantial elements of the offense, including the previous chaste character of the prosecutrix; but

where as in this case, the finding of the jury is general and refers to the count in the information upon which the defendant was tried, the presumption will be indulged that the jury considered all the elements of the charge, and found all the issues against the defendant. [State v. Cronin, 189 Mo. 663, l. c. 671; State v. Grossman, 214 Mo. 233, l. c. 243; State v. Stark, 202 Mo. 210, l. c. 221.]

The defendant proved by numerous witnesses that he possessed a good reputation prior to his arrest in this case, and attempted to prove that the prosecutrix was not of chaste character at the date of the alleged crime, and therefore not within the protection of the statute. The reputation of people is to some extent determined by the company they keep; and as defendant proved that his own reputation was good and that prior to the commission of this crime he accompanied the prosecutrix in society on many occasions, he in a large measure was responsible for the opinions entertained by his neighbors that she likewise enjoyed a good reputation.

The finding of the jury that prosecutrix was of chaste character prior to the time that she first had sexual intercourse with defendant was supported by substantial evidence.

Finding no reversible error in the case, the judgment of the trial court is affirmed.

*Kennish, P. J.,* and *Ferriss, J.,* concur.