ARTHUR C. KIRKMAN and ALICE M. KIRKMAN, his WIFE, Appellants, v. J. R. STEVENSON, et al., Respondents.

Springfield Court of Appeals, March 11, 1922.

1. **APPEAL AND ERROR:** Facts not Shown in Bill of Exceptions not Considered. On appeal from order sustaining a motion for correction of judgment by entry *nunc pro tunc*, the appellate courts cannot consider facts shown on the hearing of the motion, where not preserved in the bill of exceptions as shown by the printed abstract of record on file in such court.

2. **JUDGMENT:** Letters from Judge to Counsel not Admissible to Impeach Entry in Judge's Docket, on Motion for Correction of Judgment Nunc Pro Tunc. On motion for correction of judgment by entry *nunc pro tunc* after expiration of the term, letters which passed between the judge and counsel out of court, *held* not admissible to impeach an entry in the judge's docket.

Kirkman v. Stevenson.

3. ————: **Motion for Correction of Judgment Nunc Pro Tunc After Expiration of Term Must be Based on Record or Files.** Oral evidence is not admissible on motion for correction of judgment *nunc pro tunc* after expiration of term, but the motion must be based on something appearing in the record or files of the case.

4. ————: **Adverse Party Presumed to Have Had Notice of Proceedings at Which Court Corrected Docket Entry.** In the absence of proof to the contrary, it will be presumed that the adverse party had notice of proceedings in which the court corrected docket entries.

5. **COURTS: Notice, or Service of Process, Necessary to Confer Jurisdiction Presumed to Have Been Legally Issued and Served, Though Record is Silent.** There is always a presumption in favor of jurisdiction and right of action by a court of general jurisdiction, and, when a record is made by the court, it will be presumed that notice or service of process necessary to confer jurisdiction on the court to act was legally issued and served, even though the record be silent on that matter.

6. **JUDGMENT: Court can Correct Error, or Enter Order Nunc Pro Tunc, from Own Recollection, or on Evidence Outside the Record at Same Term at Which Judgment was Rendered.** During the same term at which a judgment was rendered, the court on its own recollection, or on evidence outside the record and files, can correct an error, or enter an order *nunc pro tunc* to show what the court had actually done.

7. ————: **Plaintiffs Could not Complain of Correction to Show Counterclaim not Adjudicated, Where Docket Entry Entitled Defendant to Recover Thereon.** Where docket entry showed defendant entitled to recover on counterclaim, plaintiffs could not complain of correction of judgment so as to show that the matter involved in the counterclaim was not adjudicated, not being injured thereby.

Appeal from Howell County Circuit Court.—*Hon. E. P. Dorris,* Judge.

AFFIRMED.

*Lamar, Lamar & Lamar* for appellants.

(1) While a court at any time during the term may have jurisdiction and the power to alter or set aside a judgment entered at such term, any alteration or change

in such judgment by the court without notice to the party affected thereby is void and not binding on such party. Ault v. Brady, 191 Mo. 709, 728; Caldwell v. Lockridge, 9 Mo. 362; 23 Cyc., page 878f and cases cited in note 94. (2) A court cannot at a subsequent term change its judgment to one which it neither rendered nor intended to render. The law does not authorize the correction of judicial errors under the pretense of correcting clerical errors. Ross v. Ross, 83 Mo. 100; Burnside v. Ward, 170 Mo. 531, l. c. 543; Davidson v. Davidson, 207 Mo. 702. (3) While a large discretion is vested in the trial court as to amendments *nunc pro tunc,* this discretion is a judicial one and must be exercised in a judicial manner and such discretion is subject to review. Jackson v. Brown, 211 S. W. (Mo.) 893, 894 Syl. No. 4; Feurt v. Caster, 174 Mo. 289, 299.


*J. P. Swain* for respondents.

(1) "The amended judgment was the correction merely of a clerical error, and relates back to the date of the original entry, and which the court could make at any subsequent time however long." Dawson v. Waldheim, 89 Mo. App. 245. (2) "The court may alter the memorial of the judgment to make it express the sentence, provided the record entries furnish the evidence to support the correction." Kreisel v. Snavely, 115 S. W. 1060 (and cases therein cited). (3) "It is not disputed, nor can it be, that the settled law of this State is that entries, *nunc pro tunc* can only be made upon evidence furnished by the papers and files in the cause or something of record or in the minute book or judge's docket as a basis to amend by." Missouri, K. & T. Ry. Co. v. Holsclag, 144 Mo. 253, 45 S. W. 1101; Monk v. Wabash Ry. Co., 166 Mo. App. 692, 150 S. W. 1087; State ex rel. Buckner, J., v. Ellison et al., Judges, 210 S. W. 401; Jackson v. Brown, 211 S. W. 893.

COX, P. J.—Appeal from action of the Howell County Circuit Court in sustaining a motion for the correction of a judgment by entry *nunc pro tunc*.

fflArthur C. Kirkman and wife brought suit in the Howell County Circuit Court against J. R. Stevenson, E. V. Stevenson, William Alexander Hubbs and Meldon Farrar to rescind a contract and to set aside certain deeds and secure the return of an automobile and the cancellation of certain checks. The defendants filed separate answers. In the separate answers of J. R. Stevenson, he set up in one count a counterclaim for $615 alleged to be due him from plaintiff in another transaction. In another count, he charged that plaintiff had bought the automobile described in the petition from him and had not paid for it and that plaintiff owed him $850 on that account. At the trial, the court found for plaintiff on the cause of action alleged in the petition and set the deeds aside, ordered the automobile or its value returned to plaintiffs by defendants Farrar, Hubbs and E. V. Stevenson and cancelled the checks as asked in the petition.

On the counterclaim of J. R. Stevenson for $615 the issues were found for him but the judgment is silent as to the counterclaim for $850. This trial was had December 6, 1919. At that time the entry on the judge's docket in relation to J. R. Stevenson is as follows: ". . . and J. R. Stevenson given judgment for $615 and it made a lien on the Henderson Town property provided plaintiff pay J. R. Stevenson to be paid the purchase price of the said auto in the sum of $850." The clerk's minutes of the same day is in substantially the same language. On January 6, 1920, but during the same term of court the following entry was placed on the judge's docket: "January 6, 1920—heretofore and after four days of judgment, both parties seemingly agreed that an amendment should be made to the judgment giving J. R. Stevenson, judgment for $850 on account of Briscoe car but said proposed amendment does not belong to the judgment and is not made

a part of judgment and is not adjudicated." The judgment which it is sought in this proceeding to correct appears to have been entered on the record of the court by the clerk on December 20, 1919. At the December, 1920, term of court, J. R. Stevenson filed a motion to correct this judgment by an order *nunc pro tunc* so that it would contain the following in addition to what then appeared, to-wit: "It is further ordered by the court that the counterclaim of defendant J. R. Stevenson for the sum of Eight-Hundred Fifty- Dollars for the purchase price of the Briscoe automobile for which plaintiff gave said defendant a worthless check which check was never honored by the bank on which same was drawn be and is hereby dismissed without prejudice to the defendant and that said counterclaim is in no wise adjudicated in this action." At the trial on this motion for *nunc pro tunc* entry, J. R. Stevenson offered in evidence the entry on the judge's docket of December 6, 1919, and also the entry of January 6, 1920. The plaintiff made no objection to the entry of December 6, 1919, but objected to the entry of January 6, 1920, for the reason that it was not made during the same term at which the case was tried and the court had lost jurisdiction to make it, and that no notice was given plaintiffs' attorney and he had no knowledge of the change. This objection was overruled. Stevenson then offered the court record of December 16, 1919, showing that the court adjourned from that date of January 6, 1920. He then rested. The plaintiffs, Kirkmans, then offered the clerk's minutes of December 6, 1919, which as before stated, was substantially the same as the entry in the judge's docket of same date. Plaintiffs then offered some letters that passed between the judge of the court and attorney for plaintiffs after the trial and before January 6, 1920, in relation to the form of the judgment and what it should contain. These were objected to by J. R. Stevenson on the ground that they were not a part of the files in the case and were incompetent in this proceeding. Plaintiffs then offered what was described in the offer as "a copy of the minutes

made at the conclusion of the trial by counsel who drew the judgment at the time.'' This copy followed the other entries of December 6, 1919, except that it omitted all reference to the $850. This was all the evidence offered and the court then sustained the motion of J. R. Stevenson and ordered the judgment corrected as asked for in the motion.

Counsel for appellants state in their brief that at the conclusion of the trial the judge entered in his docket the entry of December 6, 1919, except the last clause, to-wit: ''Provided plaintiff pay J. R. Stevenson to be paid the purchase price of said auto in the sum of $850.'' That this clause was written by the judge some time after the trial but at what time does not appear and then struck the same out by .drawing his pen through this clause. That counsel for appellants made a copy of this entry as first written and returned to his home in Houston and drew the decree that was placed on the record. That the entry of January 6, 1920, was made without notice to counsel for plaintiffs. If these facts were shown on the hearing of the motion for the correction of the judgment by *nunc pro tunc* entry, we cannot consider them on this appeal because they are not preserved in the bill of exceptions as shown by the printed abstract of the record on file in this court.

Of the evidence offered by the plaintiffs, we hold that the letters which passed between the judges of the court and counsel for plaintiffs out of court were incompetent in this case, for it is universally held in this State that to authorize the correction of a judgment *nunc pro tunc* after the expiration of the term, oral evidence is not admissible, but it must be based on something appearing in the record or files of the case, and letters that passed between the judge and plaintiffs' counsel certainly stand on no better footing that oral testimony. This being true, it necessarily follows that in the absence of fraud, such evidence is not admissible to impeach an entry in the judge's docket.

In the absence of proof to the contrary, it will be presumed that plaintiffs or their counsel had notice of the proceedings on January 6, 1920, when the court entered on his docket the entry showing that counterclaim of J. R. Stevenson for $850 was not adjudicated in that trial. There is always a presumption in favor of jurisdiction and right action by a court of general jurisdiction, and when a record is made by the court it will be presumed that the notice or service of process necessary to confer jurisdiction on the court to act, was legally issued and served even though the record be silent on that matter. [McClanahan v. West, 100 Mo. 309, 320, 13 S. W. 674; Hamer v. Cook, 118 Mo. 476, 488, 24 S. W. 180; Conway v. Robinson, 178 S. W. 154.]

During the same term at which a judgment is rendered, the court from his own recollection or on evidence outside the record and files can correct an error or enter an order *nunc pro tunc* to show what the court had actually done. [Williams v. Walter, 84 Mo. App. 433; Becker v. Schutte, 85 Mo. App. 57, 65-66; Gormley v. Transit Co., 126 Mo. App. 405, 409-410, 103 S. W. 1147.]

The entry in the judge's docket of January 6, 1920, was during the same term as the trial and the whole matter was still in the breast of the court, and while we do not think the court could, even at the same term, change the record after the trial to the injury of a party without notice, yet in the absence of any evidence on the question, it will be presumed that such notice was given or that the party was present at the time the change was made. We are not passing on the question of whether parol evidence would be admissible in this proceeding to show want of notice in order to impeach an entry in the judge's docket. There is no evidence of any kind in this record to show such want of notice and all we are now holding is that in the absence of a showing of that kind notice will be presumed.

What we have said leaves the entries on the judge's docket of December 6, 1919, and January 6, 1920, both

remaining intact and for consideration in reviewing the action of the trial court in this case. With these two entries before us for consideration, there can be no doubt as to the right of the trial court to correct the judgment as asked for in the motion of J. R. Stevenson. If, however, we discard the entry of January 6, 1920, and consider the entry of December 6, 1919, the appellants are in no better position. The entry of December 6, 1919, clearly shows that the court in fact found that J. R. Stevenson was entitled to recover on his counterclaim for $850 and had Stevenson ignored the entry of January 6, 1920, and had based his motion for an order *nunc pro tunc* on the entry of December 6, 1919,·he would have been entitled to have the judgment corrected by adding thereto a judgment against plaintiffs in his favor for $850. Since he did not do that but only asked that the judgment be corrected so as to show that that matter was not adjudicated, the plaintiff's cannot complain because they are not injured thereby. [Ault v. Bradley, 191 Mo. 709, 732, 90 S. W. 775.]

On the record before us, the action of the trial court in correcting the judgment by entry *nunc pro tunc* was clearly justified and the judgment is therefore affirmed. *Farrington* and *Bradley, JJ.,* concur.