LOUZETTA DOUGHERTY v. MANHATTAN RUBBER MANUFACTURING COMPANY and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Appellants.—29 S. W. (2d) 126.

Division Two, June 11, 1930.

*Ray Bond* for respondent.

*William R. Schneider* for appellants.

HENWOOD, C.—The respondent, Louzetta Dougherty, and Henry F. Dougherty, Jr., widow and minor son of Henry F. Dougherty, deceased, filed with the Workmen's Compensation Commission their claim for death benefits against Manhattan Rubber Manufacturing Company, the employer of the deceased, and American Mutual Liability Insurance Company, the insurer. The proceedings before the commission resulted in a final award of $250 for medical aid, $150 for burial expenses, and a total death benefit of $11,500 payable to Louzetta Dougherty at the rate of $20 per week for 575 weeks, or until her prior death or remarriage, with the remainder to Henry F. Dougherty, Jr. The employer and insurer took an appeal to the Circuit Court of the City of St. Louis, where a judgment was entered affirming the final award of the commission in all particulars, except the award of $250 for medical aid, and from that judgment the employer and insurer were allowed an appeal to this court.

The respondent filed a motion to dismiss the appeal, which was taken as submitted with the case on the merits. As grounds for said motion, the respondent says that the appeal was not taken from the final judgment entered in this cause in the circuit court; that said final judgment was entered on October 8, 1928, at the October term, 1928, of said court; that, on November 22, 1928, during the same term, appellants filed their affidavit for an appeal and were duly allowed an appeal to this court; that, on November 23, 1928, during the same term, without legal or just cause and without notice to the respondent, the circuit court, on its own motion, made an order vacating its final judgment, rendered October 8, 1928, and its order allowing an appeal, made on November 22, 1928; that, on November 24, 1928, during the same term, the circuit court entered a new judgment, identical in terms with its final judgment entered on October 8, 1928; that said new judgment is the judgment appealed from in this cause; that the action of the circuit court, in setting aside its final judgment entered on October 8, 1928, and, in setting aside its order granting an appeal from said judgment, being without just or legal cause and without notice to the respondent, was improper and void; that said new judgment, entered on November 24, 1928, is a nullity; and that the final judgment in this cause is the judgment entered on October 8, 1928.

In this connection, appellants' abstract of the record shows the following proceedings in the circuit court, during its October Term, 1928: On October 8, 1928, the court entered its judgment affirming the order, decision and award of the commission in this cause. On November 22, 1928, appellants filed their affidavit for an appeal, and, by an order duly made and entered of record, were allowed an appeal to this court. On November 23, 1928, the court, *of its own motion*, vacated and set aside its order of November 22, 1928, allowing appellants an appeal to this court, and its judgment of October 8, 1928, affirming the order, decision and award of the commission. On November 24, 1928, the court entered a new judgment affirming the order, decision and award of the commission. On November 26, 1928, appellants filed their motion for a new trial. On November 26, 1928, the court overruled said motion for a new trial. On November 26, 1928, appellants filed their new affidavit for an appeal, and, on said day, were granted an appeal to this court.

As above shown, the record merely recites that the circuit court, on November 23, 1928, "*of its own motion*," set aside its judgment which was entered in this cause on October 8, 1928, and its order allowing an appeal therefrom which was made on November 22, 1928. However, the subsequent proceedings in the circuit court indicate, and appellants concede in their reply brief, that said action of the circuit court was for the purpose of allowing appellants to file a motion for a new trial, which they had not previously done. And it is also conceded that the respondent was not in court at the time of said action, and that she had no previous notice thereof.

"It is a cardinal principle, that whenever a party's rights are to be affected by a summary proceeding, or motion in court, that party should be notified, in order that he may appear for his own protection." [George v. Middough, 62 Mo. l. c. 551.]

"When a motion is made in the progress of a cause, the parties are presumed to be in court, and only such notice is required as the rules of the court prescribe. No such presumption can arise after the case is disposed of. . . . In every case, therefore, of a special motion, unless there has been an express or implied waiver of notice, the want of such notice would of itself be sufficient to vitiate the proceedings." [Laughlin v. Fairbanks, 8 Mo. l. c. 371.]

"While circuit courts have power to set aside or modify their orders and judgments during the term at which such orders or judgments are entered, when the litigants are actually or constructively before the court, we believe it would be an unwarranted expansion of their discretion to permit them of their own motion to reopen cases in which their jurisdiction has been exhausted by granting appeals. This court has heretofore refused to sanction

660

the practice of trial courts in changing or modifying final judgments, even during the same term at which they were entered, without notice to the litigants whose interests are affected, but who are no longer in court.

"We therefore conclude that all the orders made in this cause subsequent to the granting of the appeal to this court . . . were illegal." [State v. Sutton, 232 Mo. 1. c. 247-248, 134 S. W. 1. c. 663.]

See also Caldwell v. Lockridge, 9 Mo. 362; Ault v. Bradley, 191 Mo. 709, 90 S. W. 775; State v. Biesemeyer, 136 Mo. App. 668, 118 S. W. 1197.

It follows that the action of the circuit court, in setting aside its judgment in this cause, which was entered on October 8, 1928, and in setting aside its order allowing an appeal from said judgment, was without authority of law, and that said action and all subsequent proceedings of the circuit court in this cause were illegal and void. Therefore, we will overrule the motion to dismiss the appeal and consider the record as it stood when the appeal was taken from the judgment which was entered on October 8, 1928. And, since appellants did not file a motion for a new trial before taking their appeal from said judgment, our review is limited to the record proper.

The record proper recites that, on April 30, 1928, at the April Term, 1928, of the Circuit Court of the City of St. Louis, appellants' motion for review of the order, decision and award of the commission, and a transcript of the evidence adduced before the commission and of the findings and award of the commission, together with all documents and papers filed in this cause, were submitted to the court, and that, on said day, said motion was taken as submitted without argument or the production of further evidence. The record proper further recites that, on October 8, 1928, at the October Term, 1928, of said court, the court entered its judgment affirming the order, decision and award of the commission. The formal claim in this cause, which was filed with the commission, meets all of the requirements of our compensation law and is sufficient in every particular to support the award of the commission and the judgment of the circuit court.

We find no error in the record proper. The judgment of the circuit court is accordingly affirmed. *Davis* and *Cooley, CC.*, concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.