Theodora BAKER, Plaintiff-Respondent,

v.

Richard R. BAKER, Defendant-Appellant.
No. 7329.

Springfield Court of Appeals.

Missouri.

Dec. 21, 1954.

Motion for Rehearing or to Transfer

Overruled Jan. 11, 1955.

324

Smith & Williams, Springfield, for defendant-appellant.

Stewart, Reid & Turner, Springfield, for plaintiff-respondent.

STONE, Judge.

Following a contested trial, the circuit court initially entered a decree on January 25, 1954, granting a divorce to plaintiff on her petition, awarding the care and custody of three minor children to her, directing defendant to pay $50 per month for the support of each child, but awarding no alimony to plaintiff. No after-trial motion was filed by either party; but, twenty-nine days after entry of the original decree, to-wit, on February 23, 1954, *"on the court's own motion"* the decree was "modified" to provide for payment of $60 per month for the support of each child and the sum of $5 per month as alimony. On this appeal, defendant's complaint is that "the trial court erred in modifying the divorce decree with reference to alimony and child support without first having given defendant notice of such modification so that defendant could be heard as to the propriety of such * * * modification adversely affecting his rights."

■ At the outset, it may be observed that, although a divorce is granted to the wife, allowance of alimony to her is not mandatory [Smith v. Smith, 350 Mo. 104, 164 S.W.2d 921, 923(3); Stokes v. Stokes, Mo.App., 222 S.W.2d 108, 111(4); Knebel v. Knebel, Mo.App., 189 S.W.2d 464, 467 (4)]; that "the liability for alimony must be fixed at the time the divorce is granted" [Smith v. Smith, supra, 164 S.W.2d loc.cit. 924(6)]; and, that orders pertaining to custody of children, maintenance and alimony are collateral to, and severable from, a decree of divorce, so that an appeal from any such order does not disturb the divorce [Beckmann v. Beckmann, 358 Mo. 1029, 218 S.W.2d 566, 570(12), 9 A.L.R.2d

428; Carr v. Carr, Mo., 253 S.W.2d 191, 195(8)]. All of this suggests doubt as to whether the decree of February 23, 1954, was a "modification" insofar as it purported to impose, for the first time, liability for payment of permanent alimony.[1] However, we pass this question without determination because no such allegation of error has been preserved for appellate review [Section 512.160(1), RSMo 1949, V.A.M.S.; Supreme Court Rule 3.23, 42 V.A.M.S.] and both parties have treated the decree of February 23, 1954, as altogether a "modification" of the original decree.

■ On February 27, 1954, defendant filed "Motion to Strike Docket Entry and Expunge Modified Judgment from Record," in which defendant alleged, among other things, "that on February 24, 1954, at approximately 9:00 o'clock A.M., the same being the *thirtieth* day after the entry of the aforementioned decree * * *, defendant's attorney of record * * * was orally advised by attorney * * * representing plaintiff, that the court had been contacted by representatives of plaintiff concerning the matter of child support and alimony and that the court intended, that date, to enter a modification of said decree * * *; that defendant's said attorney of record was orally advised to appear in the court's chambers at approximately 10:00 o'clock A.M. that date for the purpose of discussing said modification; * * * that defendant or his said attorney of record had no other notice or knowledge of the court's intended action * * *." Although the transcript recites that defendant's motion was "verified", the "affidavit" was "omitted"; and, no evidence was offered in support of the motion. At least insofar as it pertains to facts dehors the record, the motion does not prove itself [Hardwick v. Kansas City Gas Co., 352 Mo. 986, 180 S.W.2d 670, 672(1); Hurst Automatic Switch & Signal Co. v. Trust Co. of St. Louis, Mo., 5 S.W.2d 3, 4(3)] and is no evidence of its contents [Bullock

---

1. But, see Scales v. Scales, 65 Mo.App. 292, 294(3), not thereafter cited on this point, as indicating that a decree of divorce may be so modified.

v. B. R. Electric Supply Co., 227 Mo.App. 1010, 60 S.W.2d 733, 735(6)]. However, for the purposes of this opinion, we ignore "any question of the quantity and quality of the evidence tending to support the facts stated in the motion" [Murray v. United Zinc Smelting Corp., Mo., 263 S.W. 2d 351, 355], assume that the averments of defendant's motion pertain to the day on which the modified decree was entered, to-wit, February 23, 1954, the *twenty-ninth* day after entry of the original decree, and accept the quoted recitals in defendant's motion as established.

■ In the same motion, defendant further alleged that the modified decree violated "defendant's constitutional rights requiring reasonable notice for a change of judgment entries" and amounted to "the taking of property or changing the rights, status and conditions of the parties without due process of law." If the instant case involved "the construction of the Constitution of the United States or of this state," this appeal would be within the exclusive appellate jurisdiction of the Supreme Court [Const. of 1945, Art. V, § 3, 2 V.A.M.S.] and it would be our duty to transfer the cause to that court even though our appellate jurisdiction is not questioned [State v. Plassard, Mo.App., 190 S.W.2d 464(1); State v. Blythe, Mo.App., 186 S.W.2d 55, 56(1); Potashnick Truck Service v. City of Sikeston, Mo.App., 157 S.W. 2d 808, 809(1)]. But, "in order to preserve a constitutional question for review the question must be raised at the first available opportunity; the sections of the constitution claimed to have been violated must be specified; the point must be presented in the motion for a new trial, if any; and it must be adequately covered in

the briefs. City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372." Ingle v. City of Fulton, Mo., 260 S.W.2d 666, 667 (1); Cirese v. Spitcaufsky, Mo., 259 S.W. 2d 836, 838(1). A constitutional question is not raised by general averments and statements of legal conclusions [State ex rel. Barnett v. Sappington, Mo., 260 S.W.2d 669, 671(7)], and the ground for invoking appellate jurisdiction of the Supreme Court must appear affirmatively [State ex rel. Thompson v. Roberts, Mo., 264 S.W.2d 314, 317(4)]. In the instant case, no specific article or section of the Constitution of the United States or of this state has been cited and no constitutional question has been briefed. Accordingly, jurisdiction of the appeal is in this court. Const. of 1945, Art. V, § 13, 2 V.A.M.S.

■ Proceeding to the merits of this appeal, we immediately agree with defendant that it is clear, from a long line of Missouri cases,[2] that reasonable notice and an opportunity to be heard (if defendant so desired) were prerequisites to lawful modification of the original decree. Many years ago our Supreme Court said in State v. Sutton, 232 Mo. 244, 134 S.W. 663, that "This Court has heretofore refused to sanction the practice of trial courts in changing or modifying final judgments, even during the same term at which they were entered, without notice to the litigants whose interests are affected, but who are no longer in court"; and, the same statement has been repeated with approval in Dougherty v. Manhattan Rubber Mfg. Co., 325 Mo. 656, 29 S.W.2d 126, 128; In re Zartman's Adoption, 334 Mo. 237, 65 S.W.2d 951, 956, and Hoppe, Inc., v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 350, 23 A.L.R.2d 846. That Supreme Court

2. Stutte v. Brodtrick, Mo., 259 S.W.2d 820, 826(14); Hoppe, Inc., v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 350–351(7, 9), 23 A.L.R.2d 846; Lee v. Baltimore Hotel Co., 345 Mo. 458, 136 S.W.2d 695, 697(1), 127 A.L.R. 711; Savings Trust Co. of St. Louis v. Skain, 345 Mo. 46, 131 S.W.2d 566, 574(14); Kelso v. W. A. Ross Const. Co., 337 Mo. 202, 85 S.W.2d 527, 541(33); In re Zartman's Adoption, 334 Mo. 237, 65 S.W.2d 951, 954–955(3); Dougherty v. Manhattan Rubber Mfg. Co., 325 Mo. 656, 29 S.W.2d 126, 127(1); State v. Sutton, 232 Mo. 244, 134 S.W. 663; Ault v. Bradley, 191 Mo. 709, 90 S.W. 775, 781(1); George v. Middough, 62 Mo. 549, 551(2); Mandel v. Bethe, Mo.App., 170 S.W.2d 87, 89(4); In re Waters' Estate, Mo.App., 153 S.W. 2d 774, 775–776(2, 4); Konta v. St. Louis Stock Exchange, 150 Mo.App. 617, 131 S.W. 380, 381(1).

Rule 3.25 is silent as to notice does not permit us to conclude, as plaintiff would have us do, that no notice of intended action thereunder need be given [cf. In re Waters' Estate, Mo.App., 153 S.W.2d 774, 776(6)], for "the requirement of reasonable notice goes deeper than that." "In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be of the essence of fairness and justice"— "a prerequisite to the lawful exercise of the court's power"—"basic in simple fundamental justice." Hoppe, Inc., v. St. Louis Public Service Co., supra, 235 S.W.2d loc. cit. 349, 350, 351. However, from the record and briefs before us, it is plain that this is *not* a case in which the judgment has been modified *with no prior notice* to the party to be affected adversely, but that the gist of defendant's complaint is rather that the "one hour's notice" to his counsel was not *"reasonable notice."* Since the requirement imposed by "reasonable notice" is flexible and pliable, not rigid and unyielding [Kleinschmidt v. Hoctor, 361 Mo. 29, 233 S.W.2d 649, 654; Padberg v. Padberg, Mo. App., 78 S.W.2d 555, 559], definition of the term "reasonable notice" in precise, delimiting and restrictive language is neither appropriate nor desirable. "Reasonable notice" has been said to be "such notice or information of a fact as may fairly and properly be expected or required in the particular circumstances" [Black's Law Dictionary, 4th Ed., p. 1211; Sterling Mfg. Co. v. Hough, 49 Neb. 618, 68 N.W. 1019, 1020] or, in even more general language, "notice 'suitable to the case'" [Commonwealth ex rel. McIver v. Central Dist. Telephone Co., 243 Pa. 586, 90 A. 338, 340(2)]. And, in considering whether the requirement of "reasonable notice" has been satisfied in a wide variety of situations, our courts have held uniformly over a long period of years that whether "reasonable notice" has been given in any particular case depends upon, and must be determined in the light of, the facts of that case.[3] We reject defendant's contention that, because of Section 506.060 (4), RSMo 1949, V.A.M.S. (by its language plainly applicable only to a "written motion" and "notice of the hearing thereof"), "fairness" and "compliance with the spirit of the law" required "written notice at least five days in advance of the contemplated action" in the instant case. Consult and compare Industrial Acceptance Corporation v. Webb, Mo.App., 287 S.W. 657, 659–660 (6); Corpenny v. City of Sedalia, 57 Mo. 88, 90(2).

 Since the purpose of reasonable notice is that the party to be affected adversely "may appear for his own protection" [George v. Middough, 62 Mo. 549, 551;

3. Kleinschmidt v. Hoctor, 361 Mo. 29, 233 S.W.2d 649, 655(4), 656–657—(*two hours' notice* satisfied statutory requirement of reasonable notice of insanity inquisition): Reed v. State, 11 Mo. 379, 381–382; Corpenny v. City of Sedalia, 57 Mo. 88, 90–91(2); Douglass v. White, 134 Mo. 228, 34 S.W. 867, 868; Padberg v. Padberg, Mo.App., 78 S.W.2d 555, 559 (4); Carpenter v. Alton R. Co., Mo.App., 148 S.W.2d 68, 70(3)—(statutory requirement of reasonable notice of intended application for change of venue satisfied): State v. Keller, 263 Mo. 539, 174 S.W. 67, 70–71(2); State v. Blitz, 171 Mo. 530, 71 S.W. 1027, 1029(5); St. Louis, C. G. & Ft. S. Ry. Co. v. Holladay, 131 Mo. 440, 33 S.W. 49, 52(3)—(statutory requirement of reasonable notice of intended application for change of venue not satisfied): Hayes v. Equitable Life Assur. Soc., 235 Mo.App. 1261, 150 S.W. 2d 1113, 1118(8)—(same test applied in determining whether notice or proof of loss under insurance policy had been given within reasonable time). The same principle was followed in determining whether reasonable notice had been given in Shefts v. Oklahoma Co., 192 Okl. 483, 137 P.2d 589, 591 (of hearing on motions to revive judgments); Sterling Mfg. Co. v. Hough, 49 Neb. 618, 68 N.W. 1019, 1020 (of hearing on motion to discharge attachment); Columbia Axle Co. v. American Automobile Ins. Co., 6 Cir., 63 F.2d 206, 208(5) (of notice to seller of breach of warranty); Forest Preserve Real Estate Imp. Corp. v. Miller, 379 Ill. 375, 41 N.E.2d 526, 529(5) (of notice of changed intention as to forfeiture of contract); Atlas Brewing Co. v. Huffman, 217 Iowa 1217, 252 N.W. 133, 135(1) (of notice of cancellation of contract). See also Merrill on Notice (1952), Vol. II, Sec. 749, p. 156; Ibid., Sec. 724, p. 126.

Dougherty v. Manhattan Rubber Mfg. Co., 325 Mo. 656, 29 S.W.2d 126, 127; Mandel v. Bethe, Mo.App., 170 S.W.2d 87, 89], or, as otherwise stated, is to afford "(o)pportunity for a litigant to present his views as to the matters instantly before the court which may affect his rights" [Hoppe, Inc., v. St. Louis Public Service Co., supra, 235 S.W.2d loc. cit. 350; Stutte v. Brodtrick, Mo., 259 S.W.2d 820, 826], it would seem that notice serving that purpose would be reasonable. Thus, we think it significant that, although not so recited in the modified decree of February 23, 1954, or in defendant's subsequent motion, statements in defendant's-appellant's brief and by his counsel in oral argument plainly show that the "one hour's notice" to counsel "to appear in the court's chambers at approximately 10:00 o'clock A.M. that date for the purpose of discussing said modification" was, notwithstanding its obvious brevity, sufficient to enable him to be present at the appointed time and place. This fact, as shown by defendant's brief and oral argument of his counsel, is accepted as true in determining whether defendant had "reasonable notice." Politte v. Wall, Mo.App., 256 S.W.2d 283, 284(1); In re Kelley's Estate, 213 Mo.App., 492, 255 S.W. 1064, 1069(8); 4 C.J.S., Appeal and Error, § 1343, pp. 1936–1937. See and compare also Harvey v. Peoples Bank, Mo., 136 S.W.2d 273, 276(3); Wallace v. F. Burkhart Mfg. Co., 319 Mo. 52, 3 S.W.2d 387, 388(1); Pate v. Dumbauld, 298 Mo. 435, 250 S.W. 49, 52; State v. Ray, Mo., 225 S.W. 969, 974(8). That notice to defendant's counsel on February 23, 1954, was notice to defendant, and that his counsel was authorized to appear and act for defendant, is not questioned in the instant case. Contrast Burgess v. Burgess, 239 Mo.App. 390, 190 S.W.2d 282; Fernbaugh v. Clark, 236 Mo.App. 1200, 163 S.W.2d 999, 173 S.W.2d 646; Konta v. St. Louis Stock Exchange, 150 Mo.App. 617, 131 S.W. 380.

But, notwithstanding the fact that defendant's counsel admittedly was present when the modified decree was entered, there is no indication in the record that counsel *then* informed the court that he (counsel) had been unable to contact his client, or that he wanted to confer with defendant personally before the court acted, or that he desired to offer additional evidence or present further argument, or in short that defendant in any wise challenged the court's power to enter the proposed modification or objected to the procedural manner in which the court purposed to exercise that power. And, although defendant *subsequently* complained that he "was not afforded an opportunity of appearing before the court, presenting testimony, (and) refuting and impeaching the statements made by plaintiff's attorneys," it is conceded that his counsel did appear before the court at the time of modification, and we have searched the record and briefs in vain for any averment that, in fact, defendant desired to present or would have presented any testimony, no matter what notice of the proposed modification had been given to him. Sterling Mfg. Co. v. Hough, supra, 68 N.W. loc cit. 1020. Defendant is in no position to complain that there was no hearing, when he has never so much as said that he wanted one.

■■■ The modified decree was entered on the morning of the twenty-ninth day after rendition of the original decree; and, if defendant's counsel had manifested any desire to confer with his client, to offer additional evidence, or to present further argument, the court could have heard such evidence or argument later that day or on the following day. Reed v. State, 11 Mo. 379, 382. There being no suggestion that counsel *then* indicated any such desire, certainly we should not and cannot indulge an assumption that the court would have refused any reasonable request by counsel. For, in the absence of proof to the contrary, there is always a presumption of jurisdiction and right action by a court of general jurisdiction. Brinkerhoff-Faris Trust & Savings Co. v. Gaskill, 356 Mo. 61, 201 S.W. 2d 274, 276(3); State ex rel. Nickerson v. Rose, 351 Mo. 1198, 175 S.W.2d 768, 771 (5); Warren v. Royal Exchange Assur. Co., Mo.App., 205 S.W.2d 744, 747(7); Kirkman v. Stevenson, 210 Mo.App. 380, 238 S.W. 543, 545(4, 5); 3 Am.Jur., Appeal

and Error, Section 924, p. 490; 20 Am.Jur., Evidence, Sections 167–168, pp. 172–173; 31 C.J.S., Evidence, § 145, pp. 792–798. Taking the record as it comes to us [Bennett v. Wood, Mo., 239 S.W.2d 325, 327(2)], we cannot find that the "one hour's notice" to defendant's counsel, brief though it was, failed to serve and satisfy the purpose for which reasonable notice is required; and, specifically limiting our holding to the facts presented in the case at bar, we conclude that the modified decree is not vulnerable to attack on the only ground assigned, i. e., alleged failure to give reasonable notice of the proposed modification.

The modified decree of February 23, 1954, is affirmed.

McDOWELL, P. J., concurs.