**STATE of Missouri ex rel. John GLEASON and Vesta Gleason, his wife, Petitioners,**

v.

**The Honorable John R. RICKHOFF, Respondent.**

**No. 37333.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 17, 1976.

Application to Transfer Denied
Jan. 10, 1977.

Anderson, Preuss, Mooney & Eickhorst, Anthony L. Anderson, Clayton, for petitioners.

Lashly, Neun & Johnson, Paul Lashly, John F. Sutherland, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Original proceeding in prohibition to bar respondent judge from ordering relators to surrender property. Relators contend respondent acted without giving them adequate notice. We issued our preliminary writ and the parties have briefed, argued and submitted the cause. We conclude our original writ was issued improvidently and now quash it.

The trial court proceedings, all in 1975, stem from the insolvency of the Lincoln National Mutual Fire Insurance Company (hereafter referred to as "company"). On May 22 a verified petition for appointment of a receiver was filed. A hearing was set for May 23 but reset for June 5 and again for June 13.

Relators John and Vesta Gleason were, respectively, the company's president and

secretary.[1] They were personally served with notice of the original hearing date and appeared on May 23 and June 5. On June 13 the court ordered relators to surrender all records, correspondence, documents of title, and assets of the company. On July 24 a hearing was held for relators to show cause why they should not be held in contempt for failure to comply with the court's order to furnish the records. The court also ordered the arrest of relator John Gleason if the records were not surrendered. The hearing was then continued until August 5.

On July 25, the day after the court's arrest order was issued, relator submitted partial company records. He also filed a verified motion requesting the court to accept the tendered records of the company, to remove the receiver for bias and to increase the $2,000 bond posted by the receiver. Relator's motion was set for hearing on August 5.

On July 30 the receiver filed an affidavit stating he had reasonable grounds to believe relators had company property in their possession. The receiver sought to have relators appear on August 5 to be examined on these matters, further petitioning the court to cite relators in contempt for failing to submit additional company records.

On August 5 relator submitted additional company records. Counsel for the receiver examined relator about the missing records and expenditures of company funds used by relators to acquire a house at # 12 Sunswept Drive, Creve Coeur, and a 1973 Chevy Nova. The hearing was continued to August 12.

On August 11 the receiver filed a verified petition requesting the court to authorize him to take custody of and sell two alleged assets of the company, namely, a house at # 12 Sunswept Drive and a 1973 Chevy Nova. The hearing on the petition was held, along with the hearing scheduled for August 12. Relators were present with their counsel, moved orally for additional time, and objected to lack of the five-day notice prescribed by Rule 44.01(d). The objection was overruled. The receiver introduced into evidence checks drawn on the company's account which tended to prove the checks had been used to purchase the house and the automobile. Receiver was not cross examined on this evidence by relators' counsel. Relators further refused to answer questions propounded by the receiver. At the close of the hearing, the respondent judge ordered the receiver to take custody of and sell company assets, including the house and auto.

On August 18 relators filed a petition for a writ of prohibition. They asserted they were the record owners of the home and auto[2] included in the respondent's order of sale. They alleged they were not given adequate notice of the receiver's motion to take custody of the property. The notice was filed August 11 and heard August 12. Relators' counsel had been served with notice of the motion the day before the scheduled hearing and they now seek to prohibit respondent from enforcing the August 12 order of sale.

Relators contend respondent exceeded his jurisdiction in ordering the sale of the house without first affording them five days' notice after the receiver filed his petition. They rely on Rule 44.01(d) which requires "a written motion . . . and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed . . . by order of the court." Relators concede that rule authorizes a court to order a different period of time for notice, but contend there was no such order in this case and that without proper notice respondent lacked jurisdiction to issue the order of sale.

It is not contested that on the day before the hearing, relators' counsel was served with notice of the receiver's petition to sell the property. Civil Rule 44.01(d) authorizes

---

1. The term relator in singular form refers to relator John Gleason.

2. Since the filing of the original petition in prohibition, the automobile was repossessed by a bank; the challenge to the sale of the auto has become moot.

a court to order a period of time different from the five days required for notice of a hearing. Here, the respondent judge overruled relators' objection to lack of proper notice and permitted the hearing of August 12 to proceed as scheduled. That was a specific order to shorten the time of notice "by order of the court." Rule 44.01(d), *supra*.

■ Reasonable notice was a prerequisite to the court's power to make the order. Whether relators were given "reasonable notice" depends on the facts of the case because that term is "flexible and pliable, not rigid and unyielding." *Baker v. Baker*, 274 S.W.2d 322 [6–10] (Mo.App.1954). Notice is any fact which would put an ordinarily prudent person on inquiry. *Hatcher v. Hall*, 292 S.W.2d 619 [7, 8] (Mo.App.1956). The purpose of a reasonable notice requirement is to afford the party affected an opportunity to appear for his own protection. *Baker, supra*, l. c. 326.

■ The record shows relators were familiar with the receiver's challenge to their custody of company property and that they had been put on inquiry of the receiver's intention to take custody of the property in question. There is no clear showing respondent erred in shortening the five-day notice period as allowed by Rule 44.01(d). A writ of prohibition should be granted only when it is clearly evident a court has acted in excess of its jurisdiction. *State ex rel. Allen v. Yeaman*, 440 S.W.2d 138 [6–9] (Mo.App.1969). We conclude relators have failed to show an excess of jurisdiction.

Preliminary writ of prohibition quashed.

DOWD and STEWART, JJ., concur.